### Nathan C. Carter v. George Snyder.

*Practice in circuit courts: Set-off: Costs.* Where the only defense set up to
an action of assumpsit is a settlement, and that subsequently defendant did
work for plaintiff to the amount of twenty-one dollars, and the court instructs
the jury that if they find the settlement sustained they should throw out all
matters upon either side that entered into that settlement, and then find a bal-
ance one way or the other as to the items of deal after the settlement, and the
jury find a verdict for plaintiff for only twenty-five dollars, it cannot be said
that the plaintiff is entitled to full costs on the ground that he established a
claim of one hundred dollars which was reduced by set off.

*Bill of exceptions: Testimony: Presumption.* It will not be presumed that the
bill of exceptions does not contain all the evidence, where the form and word-
ing of it indicates that the whole testimony of each witness is given *verbatim*
and it concludes with the recital that "the evidence was here closed."

*Heard July 15.   Decided July 22.*

Error to Ionia Circuit.

*Lemuel Clute,* for plaintiff in error.

*W. W. Mitchel,* for defendant in error.

GRAVES, J.

Snyder sued Carter upon the common counts, and added
a special count for damages for failure to saw some logs for

him.    Carter pleaded the general issue and appended a notice of set-off.

On the trial Snyder gave some evidence that in the fall of 1868 he left some logs at Carter's mill, which the latter agreed to saw, and afterwards refused to do so.    He also gave some evidence that he sold Carter a pair of mules, and paid him sixty-three dollars in money, and further, that Carter had the benefit of a few logs belonging to him, and also agreed to deduct fifty cents per thousand for some sawing.    Carter gave evidence that all matters were settled between the parties in the fall of 1868, and he also claimed that Snyder owed him twenty-one dollars for sawing done afterwards.

The court instructed the jury that if they found the settlement sustained by the testimony, they should throw out all matters upon either side that entered into that settlement, and then find a balance either one way or the other upon the testimony as to the items of deal after the settlement.    The jury found a verdict for the plaintiff for twenty-five dollars.

Snyder then claimed to be allowed full costs, on the alleged ground that his demand as established on the trial exceeded one hundred dollars, and was reduced by set off.    Carter opposed this, and insisted that the evidence on his side as to dealings with the plaintiff, except what was said as to a matter of about twenty-one dollars, was given exclusively to prove a settlement, and not as a counter claim, and that upon the evidence, and as the case must have been understood by the jury, there was no ground for saying that the plaintiff established a claim of one hundred dollars.    He contended that he was entitled to costs.    The court gave judgment, however, in favor of Snyder, for full costs, and Carter asks that this be corrected.

The record, we think, shows pretty plainly that the amount established on the trial in Snyder's favor was considerably below one hundred dollars, and did not go above some forty-six dollars.    His claim, as nominally made, did,

indeed, extend further, but as the only matter of set-off was limited to twenty-one dollars, and under the charge the jury must have found that there was no subsisting demand which would entitle Snyder to more than twenty-five dollars, after deducting the set-off of twenty-one dollars, there is no room for saying that a claim for above one hundred dollars was established, and reduced below that sum by set-off.

It was said in argument that it did not appear that all the evidence was returned, and that, to support the judgment, we ought to intend that sufficient circumstances were shown. This is well enough answered by saying that we do not concur in this representation of the state of the record. We think it does appear that all the evidence is returned. The frame work of the bill of exceptions, and the whole verbiage, indicate that the whole testimony of each witness is given *verbatim*, and that all evidence is included. And the recital at the end of the proofs, "that the evidence was here closed," confirms this view. We think the court was mistaken in allowing costs to Snyder. They should have been given to the other side.

The judgment below, as to costs, must be reversed, and Carter must have judgment here for his costs in both courts.

The other Justices concurred.