SEITZ v. MILES.

## Frederick L. Seitz v. Peter L. Miles.

*Forcible entry and detainer: Allegation in complaint.* The complaint, under the forcible entry and detainer act— *Comp. L. § 4975*—alleged that defendant "unlawfully entered, with force, and ejected and expelled complainant, and has ever since continued and still is unlawfully in the possession of said premises, and unlawfully holding the same by force," etc.

The statute describes two grounds of proceeding. One for forcible entry, and the other where the entry was a peaceable one, but followed by an unlawful holding by force.

*Held*, That the complaint must be considered as one for forcible entry only — that the averment of forcible holding could not constitute a charge on the last ground mentioned in the statute, since the element of a peaceable entry is not only wanting, but would be excluded by the averment of a forcible entry. *Held further*, that language used in the complaint not required in a proceeding on the first ground, may be rejected as surplussage.

*Forcible entry and detainer: Complaint: Verification.* On the trial the defendant offered in evidence, in justification, proceedings instituted before a Circuit Court Commissioner against complainant to obtain possession of the premises in question for the non-payment of rent. Objection was made on the ground that the complaint upon which said proceedings were founded was verified as being true "to the best of the knowledge, information and belief" of the affiant. *Held*, That the verification was not in compliance with the statute, and the complaint was therefore void.

*Forcible entry and detainer, what constitutes.* To constitute a forcible entry within the meaning of the statute, it is not necessary that the actual invasion of the premises should, at the very moment, be attended by the circumstances requisite to give it the character of a forcible entry, or be accompanied by threats, actual force or violence, or any conduct which would constitute a breach of the peace; but if the entry be obtained by stealth or stratagem, or without real violence, and the party entering evinces his purpose in having entered, to have been the forcible expulsion of the party in possession, and it is followed up by actual expulsion by means of personal threats or violence, or superior force, it will amount to a forcible entry.

*Charge of Court.* The court was requested to charge that, if rent was due and unpaid upon the lease, it was not unlawful for the defendant to take possession under the provision authorizing forfeiture, if he could do so peaceably. This was refused. The court charged that it was immaterial whether any rent was due when the defendant took possession; but that if, upon such a claim of rent due, or by an agreement between the parties, the plaintiff yielded possession, the defendant was not guilty.

*Held*, That the request being based upon the assumption that there was evidence tending to show that the defendant entered under the provision for re-entry in the lease, and upon an agreement by plaintiff to yield possession, and the case upon this point having been fairly submitted to the jury, they must have found that there was no such agreement, and hence there there was no error.

*Heard April 16th. Decided April 21st.*

SEITZ *v.* MILES.

Error to Wayne Circuit.

This was a complaint for forcible entry and detainer, brought into the Circuit Court for the County of Wayne, by appeal from the decision of T. K. Gillett, a Circuit Court Commissioner for said county.

The following is a copy of the complaint:

"STATE OF MICHIGAN, }
  COUNTY OF WAYNE. } ss.

Peter L. Miles being duly sworn, makes complaint, and on his oath says, that heretofore, to wit, on the 16th day of November inst., he was in the quiet and peaceable possession of the following described premises, situate in the city of Detroit, in said county, to wit: The lower floor or store numbered 66 Randolph street, of that certain brick building known as the Goffinet Block, together with the basement of said store, and that on the day and year last aforesaid, to wit, on the 16th day of November, A. D. 1867, Fredk. Seitz unlawfully entered into the same premises with force and ejected and expelled this complainant therefrom, and has ever since continued and still is unlawfully in the possession of said premises, and unlawfully holding the same by force, contrary to the statute in such case made and provided; and that this complainant is well entitled to the possession thereof, wherefore he prays that he may be restored to the possession of the same.

P. L. MILES.

Subscribed and sworn to, before me, this 19th day of November, A. D. 1867.

THADDEUS K. GILLETT,
*Circuit Court Commissioner,*
*Wayne County, Michigan.*

The defendant pleaded "not guilty."

Upon the trial the defendant offered in evidence as a justification, proceedings instituted before a Circuit Court Commissioner for the purpose of obtaining possession of the said premises, and in which proceeding a writ of restitution was issued in favor of James Goffinet, and possession taken by his agent, Frederick L. Seitz.

SEITZ v. MILES.

The introduction of said proceedings was objected to on the ground that the verification to the complaint was defective and gave the commissioner no jurisdiction.

The objection was sustained.

The following is a copy of the complaint:

STATE OF MICHIGAN, }
COUNTY OF WAYNE. } ss,

*To Thaddeus K. Gillett, Circuit Court Commissioner, Wayne County, Michigan:*

The complaint of James Goffinet, by his agent, Frederick L. Seitz, of said County of Wayne, respectfully shows: That P. L. Miles is in possession of the following described lands and tenements, situated in the city of Detroit, in said County of Wayne, and State of Michigan, to wit:

Store No. 66, easterly side of Randolph street, in the building known as the Goffinet Block.

That James Goffinet is the owner and landlord of said premises, and said Peter L. Miles is the tenant under him, and that said P. L. Miles holds over said premises after the time for which they were demised or let to him.

That said P. L. Miles has refused and neglected for fourteen days after demand of the possession made in writing, to deliver up possession of the said premises or pay the rent now due.

That said P. L. Miles therefore holds said premises unlawfully, and against the right of this complainant, and that this complainant is entitled to the possession of the same.

Wherefore this complainant prays that proceedings, according to the statute in such case made and provided, may be taken against the said P. L. Miles, and that the possession of said premises may be restored to this complainant.

(Signed)　　　　　　　　　　　　　FRED. L. SEITZ.

STATE OF MICHIGAN, }
COUNTY OF WAYNE. } ss.

On this tenth day of October, A. D. 1867, personally appeared before me, the said Frederick L. Seitz, agent of the said James Goffinet, and on oath, saith, that he hath heard read the foregoing complaint, by him subscribed, and knows the contents thereof, and that the same is true to the best of his knowledge, information and belief.

ERVIN PALMER,
*Notary Public, Wayne County, Michigan."*

The language of the statute under which the foregoing complaint was drawn is as follows:

"In the cases specified · * * * the person entitled to the possession of the premises, his agent or attorney, may make complaint in writing and on oath * * setting forth that the person complained of is in possession of the lands, etc., and holds the same unlawfully and against the right of complainant."— *Comp. L.* § 4986.

The other facts necessary to an understanding of the case are stated in the opinion.

Judgment was rendered for the plaintiff.

The following is the assignment of errors:

1. The court erred, in excluding the evidence offered by the defendant below, of the proceedings before the Circuit Court Commissioner, to recover possession of the premises described in the complaint in this suit, and the writ of restitution issued thereon.

2. In refusing to charge the jury:

*a.* That complainant must show that the defendant used violent menaces or actual force, or resorted to means of actual violence or terror, or their verdict must be for the defendant.

*b.* That the use of the force implied in ordinary cases of trespass does not furnish sufficient grounds for maintaining this proceeding: that such violence or force must be used as would constitute a breach of the peace.

*c.* That if rent was due and unpaid on the lease, under which the complainant held, then it was not unlawful for the defendant under the forfeiture provided in the lease to claim and take possession of the premises, if he could do so peaceably, and hold them against the complainant.

*d.* That under the complaint in this cause a forcible detainer as well as entry must be shown to entitle the plaintiff to recover.

*e.* That if the jury believed that possession of the premises described in the complaint was given up to Goffinet by

Miles, through his agent, Seitz, then plaintiff could not recover, as a judgment in the case against Seitz would be ineffectual to take the possession of the premises from said Goffinet.

3. In charging, that if Sparling — the officer — was there on the night in question, with the writ of restitution, for the purpose of executing it, and the defendant threatened the plaintiff that if he did not give up possession Sparling would put him out by virtue of such 'writ, and that solely because of that threat plaintiff yielded possession to the defendant rather than be put out by force, then that is a forcible entry, and defendant is guilty.

Also, in charging that no particular circumstances of terror are required when an officer of the law threatens to serve a process of this kind; that it is enough that the plaintiff yields to the threat of service.

That it was immaterial whether any rent was due or not when the defendant took possession.

That if under a claim of rent due or by an agreement between the parties, plaintiff yielded possession, defendant is not guilty.

*Ward & Palmer,* and *Wm. Jennison,* for plaintiff in error.

1. The defendant below offered in evidence, in justification, the proceedings before the Circuit Court Commissioner, including the judgment and writ of restitution issued thereon, which were objected to by the plaintiff and excluded by the court, on account of informalities in the complaint.

The complaint contains all the material allegations, and was made in effect in the form required by the statute — *Comp. L.* § 4986; 2 *Mich.* 225 — and if informal at all, was so on account of its being verified by the agent of the complainant, to the best of his knowledge, information and belief; and not positively.

The states requiring affidavits, either provide or indicate in most cases the manner in which the facts shall be stated.

The circumstance that the legislature, in the instances referred to, as well as in numerous others that might be cited, thus deemed it fit to point out when the facts should be stated positively, and when on belief, or on good reasons for belief; and when the verification should be made by persons knowing the facts, and have omitted to do so in other cases, would lead to the conclusion that, when no such restrictions or requirements were made, it was not deemed material which form of verification was adopted, and that either would be sufficient; there being no rule independent of the statute, unless it be that the verification is to be governed by the nature of the matter to be sworn to, or the circumstances of the person in regard to knowledge who is authorized to make it.

In the proceedings in this case, under the landlord and tenant act, the statute provides that "the person entitled to the possession of the premises, his agent or attorney, may make complaint in writing and on oath, that the person complained of is in possession of the lands and tenements in question, and holds the same unlawfully and against the right of the complainant."

The object of the complaint is not for the purpose of presenting evidence to the officer to be weighed and passed upon, but only to secure good faith in the institution of the proceeding.

A summons then issues requiring the defendant to appear and answer. There is nothing arbitrary in the proceeding; nothing done restricting the defendant's liberty, or even his rights of possession or property, except on full hearing on due notice.

So far, then, as the nature of the proceeding is concerned, there is no reason why a forced or rigid rule of construction should be applied to the statute.

The matter to be sworn to is in part a conclusion of law, to which no man should be required to swear positively, and in regard to which the best lawyers in the land would often be the most in doubt—6 *Munf.* 466—and the whole matter may be verified by an agent or attorney, neither of whom are presumed or expected to have a personal knowledge of the matter to be verified. If the party authorized to make the verification makes such an one as he truthfully can, who will say that the legislature intended to require of him anything more?—35 *Barb. N. Y.* 630.

At common law, in affidavits to hold to bail, if made by a party acting in his individual capacity, he was required to make the statement of indebtedness positively, as he would be expected to have a personal knowledge of the fact, and it would probably be considered an evasion for him to make it in a qualified manner; but it was always sufficient for a plaintiff, or other person acting in a representative capacity, as an assignee in bankruptcy, or executor or administrator, or agent, to qualify his statement according to the circumstances.—4 *Burrows,* 2283, 1992; 2 *Rich.* (*S. C.*) *p.* 197; *Drake on Attach.* § 94; 1 *Mich.* 259; 10 *Id.* 372, 234.

The oath on information and belief is as valid in law, and binds the conscience of the party making it, to the same good faith in the proceedings, as if made positively; and if recklessly or falsely made, subjects the party to the same legal penalties.— *Roscoe, Cr. Ev. p.* 814; 20 *N. Y.* 365; 3 *Greenlf. Ev.* §§ 194, 200.

2. The complainant having alleged both a forcible entry and detainer, should have been required to prove both.

The statute requires that the complaint shall set forth that the defendant entered the premises with force, or that he unlawfully holds the same with force, as the case may be.

Thus, the party is required to set forth specifically what he claims, and having set it forth under oath, he has made his election for what he will proceed, and should be held to

the proof of it. The provision of the *Comp. L.* § 4976, is in effect the same as in the *Revised Statutes of* 1838, under which it was held, in the case of *Latimer v. Woodward*, 2 *Doug. Mich.* 368, that when both a forcible entry and detainer were alleged, both must be proved.

3. No actual force was used in this case; only the implied force contained in the threat that defendant below would take possession under the writ of restitution. The statutory remedy is a substitute for the indictment at common law, and must be sustained by the same proof as would establish a breach of the peace under the indictment. 2 *Doug. R. pp.* 368, 372; 1 *Mich.* 17; 10 *Mass.* 403–409.

The party entitled to possession has a right to take it in any manner that does not involve a breach of the peace, and it was never the design of the statute to take away that right.— 32 *Vt.* 82; 4 *Johns. R.* 150; 9 *Wend.* 20.

If the writ of restitution was void, then the threat of the officer is not an element of force. It was a mere trespass, at most.

Again, if the defendant was in arrears for rent on the 15th day of November, then, under the forfeiture provided in the lease, Goffinet was entitled to the possession. Sparling, on that day, acting for Goffinet, took possession peaceably, and though acting ostensibly under the writ of restitution, yet, if he had the right to take it on other grounds, he is not debarred from the defense that those other grounds afford.

Miles, it is true, afterwards intruded himself into the premises, and disputed the possession for twenty-four hours, but Sparling, having once got possession, had a right to maintain it, even by force.

The complainant having alleged both a forcible entry and detainer, if he was not obliged to prove both, the defendant had at least the right to have the question submitted, which it was, and it then became material whether rent was due or not, for if the lease was forfeited, and the

defendant had a legal possession, he had a right to maintain that possession by force, and he was deprived of his just right by having that question withdrawn from the jury.

*Moore & Griffin,* for defendant in error.

1. The evidence of the proceedings before the commissioner offered by the plaintiff in error was properly excluded.

The complaint was not verified in a manner to give the commissioner jurisdiction.

The general doctrine of the law is, that in summary or special proceedings where a court exercises an extraordinary jurisdiction, under a special statute which prescribed its course, that course ought to be strictly pursued; otherwise the proceedings are not merely voidable, but absolutely void. The court can act only under the special limited powers granted by the statute, and according to its forms of procedure.

The statute of 1838, on this subject, does not provide in terms that the complaint shall be made on oath; but the language of the present statute is— "complaint in writing and on oath."

The verification of the complaint offered in evidence is neither within the letter nor the spirit of the statute.

The statutes require diffierent forms of affidavits in various cases.

But in all cases where an affidavit or a complaint on oath is required, there must be one, and it must contain all the requisites of the statute.— 2 *Mich.* 327; 3 *Id.* 590.

When the statute requires certain facts to be stated, they must be stated positively, and not merely on information and belief.— 2 *Doug.* 432; 5 *Mich.* 98; 19 *Wend.* 394.

And so are the precedents in this case.— 4 *Mich.* 345; *Green's Prac.* 557 – 561.

The oath required depends much upon the nature of the proceeding and the character of the facts to be sworn to.

This is not only a special proceeding under the statute, but the facts to be stated in the complaint and verified, are

such as the statute itself contemplates shall be within the knowledge of the party making the complaint. .

Therefore we say that the statements should be made in such a manner as to have the direct and positive sanction of the party's oath to their truth, and that not only so as to bind his conscience by the solemnity of an oath, but also to subject him to the penalties of the law in case the statements are untrue.

The statements of the complaint in question do neither. The verification is simply reckless swearing. For it, the party could not be convicted of perjury.— 1 *Bishop's Crim. L.* 366; 2 *Id.* 1006.

But the statement in the jurat falls short of the positiveness, and wants the deliberation involved in a statement of belief.

It avers neither knowledge, information, nor belief.

The averments in the body of the complaint are positive, but the jurat being "to the best of the knowledge, information and belief" of the deponent, its effect upon the body of the complaint is to strip it of any positive allegation whatever.

A second objection to this complaint is, that it shows no right in Goffinet, the principal of the defendant, Seitz.

The complaint is the complaint of Seitz, the agent, and not the complaint of Goffinet, the principal. It is signed by Seitz, and sworn to by him, but it is made in behalf of Goffinet.

The party making the complaint is the complainant, and this whether he be "the party entitled to possession, his agent or attorney," just as a party making an affidavit for attachment is the affiant whether he be the party plaintiff or his agent.

Under the statutes of '46, only the party entitled to possession could make the complaint.— *Rev. Stat.* '46, 544, § 13.

In all cases under that statute the complainant would allege that the party defendant "holds unlawfully and against the right of the complainant."

But after amendment by inserting "his agent or attorney," the agent becomes the complainant in those cases in which he makes the complaint, and the holding must be alleged to be against the right of the principal, or party entitled to possession.

2. The court instructed the jury correctly as to the force necessary to be used to constitute a forcible entry. *Taylor's Land. and Ten.* 583; 1 *Hilliard on Torts*, 397.

Here was a deputy sheriff armed with a writ of restitution, and threatening to execute it.

The plaintiff in error was there ready to say the word if necessary; and caused the officer to be there for this purpose. The terror was the terror of the law.

The show of force was the seal of the court on a paper called a writ. The threat was the affirmation of the plaintiff in error that the writ was there to be used.

Both of these he brought into requisition to obtain possession.

The question of how he obtained possession was fairly submitted to the jury under clear, concise and correct instructions.

3. Under the complaint in this cause a forcible detainer as well as entry need not be shown to enable plaintiff below to recover.

To maintain this position, plaintiff in error relies upon *Latimer v. Woodward,* 2 *Doug.* 368.

The statute under which the complaint in that case was made is quite different from the present statute. — *Rev. Stat.* 1838, *p.* 490, § 2.

Besides, that complaint was not founded on a forcible detention, but on a forcible entry. No forcible entry was proven.

Had a forcible entry been proven, the necessity of showing subsequent detention rests wholly on the peculiar phraseology of the statute.

The present statute provides for a recovery of possession in two cases:

*a.* When any forcible entry shall be made.

*b.* When an entry shall be made in a peaceable manner, and the possession shall be unlawfully held by force.

The complaint in this cause is under the first provision, and is in accordance with the form laid down in *Green's Practice, p.* 557.

It was not necessary to allege it, and it was not necessary to prove it.

Neither by the statute nor by the pleading is the latter allegation so connected with the former as to make the former depend upon it.

The gist of the offense is the forcible entry.　When that is proven the offense is complete.

GRAVES J.

This is a writ of error to the Circuit Court for the County of Wayne.

The case was originally brought before a Circuit Court Commissioner, under the statute authorizing summary proceedings to recover the possession of land, and was taken to the court below by appeal.　The issue was tried by a jury, who returned a verdict for the complainant.

Upon the trial, the defendant insisted that the complaint set up a forcible detainer as well as a forcible entry, and that to recover the complainant must prove both.　The complaint states that on the 16th day of November, the complainant was in the peaceable possession of the premises, and that the defendant unlawfully entered with force and ejected and expelled the complainant, "and has ever since continued and still is unlawfully in the possession of said premises, and unlawfully holding the same by force, contrary to the statute in such case made and provided; and that complainant is well entitled to the possession," etc. The statute under which the complaint was made, provides that "when any forcible entry shall be made, or when an entry shall be made in a peaceable manner, and the possession

shall be unlawfully held by force, the person entitled to the premises may be restored to the possession thereof in the manner hereinafter provided."

It will be observed that the statute describes two grounds of proceeding, and that the last one supposes a peaceable entry followed by an unlawful holding by force.

The complaint in question alleges an entry by force, and then proceeds to aver a holding by force also; but this could not constitute a charge on the last ground, since the element of a peaceable entry is not only wanting but would be excluded by the averment that the entry was by force. Whatever language there may be in the complaint not required in a proceeding on the first ground, may be rejected, and the case must be considered as one for forcible entry only.

The complaint in the case of *Goffinet against Miles*, was properly excluded. The verification supplied no such assurance of the truth of the facts as the statute required, and the complaint was consequently void.

The remaining questions in the case arise out of the charge as given and refusals to charge as requested, and in order to examine them, it is necessary to bring into view the course and drift of the testimony as presented to the court below.

The testimony of the complainant tended to show, among other things, that Miles was in actual possession on the 15th of November, 1867, as the assignee of one Ashley, who was the lessee of James Goffinet, the owner; that Seitz procured Deputy Sheriff Sparling to enter and take possession under a writ of restitution, and which writ was invalid; that the officer, after having so entered, attempted to maintain possession and threatened to expel Miles by force under the authority conferred by the writ; that the officer was countenanced and aided and directed by Seitz in the course pursued; that the purpose was to invest Seitz with the possession, and that Miles, on being told that the officer would

put him out by force under the power conferred by the writ, departed from the premises.

The testimony of the defendant tended to show that on the 15th of November mentioned, said deputy sheriff took possession in a peaceable manner under the before mentioned writ, and that what was done by him after that, was done in maintaining such possession and in putting Seitz in possession; that at the time last mentioned, $187.25 of rent, under the lease from Goffinet to Ashley, was in arrears and unpaid; that such lease contained a provision authorizing a re-entry in case of non-payment of rent when due and payable; that Seitz was the agent of Goffinet for the purpose of taking care of the premises and collecting the rent; that Seitz went with Sparling when the latter took possession, and informed Miles that four months rent was due and unpaid, and that he wanted the possession and wanted him to give up the premises without reference to the proceedings to recover possession, and that if he would surrender the lease he might occupy the premises till the middle of February, when Goffinet would be at home, and with whom he could then arrange the business, and that Miles agreed to do so, and surrendered the key and went quietly away.

The defendant's counsel requested the court to charge the jury that the complainant must show that the defendant used violent menaces or actual force, or resorted to means of actual violence or terror; that the force implied in ordinary cases of trespass was not sufficient; but that such violence or force must have been used as would constitute a breach of the peace.

The court refused such request, but charged the jury on this point as follows: "That if Sparling was there on the night in question with the writ of restitution for the purpose of executing it, and the defendant threatened the plaintiff that if he did not give up possession, Sparling would put him out by virtue of such writ, and that solely

because of that threat the plaintiff yielded possession to the defendant rather than be put out by force, then that was a forcible entry, and the defendant was guilty; that no particular circumstances of terror were required when an officer of the law threatened to serve a process of this kind. It was enough that the plaintiff yielded to the threat of service."

The complainant had the right to act upon the circumstances as they then appeared, and the defendant can not be heard to say that his conduct was inconsistent with his purpose.   He procured a writ of restitution and caused it to be delivered to an officer for service.   He attended at the premises with the officer who had the writ in hand.   This process was assumed to be valid and equal to its purport. It required the officer to remove the complainant from the premises, and authorized the employment of the necessary force.   It was in itself a declaration to the party that he must forthwith yield possession, and that if he did not he would be expelled by force.   The conduct of the defendant and the officer spoke no other language.   The course of the defendant clearly indicated the design to exert, if necessary, all the power conferred by the writ, and the complainant yielded to such display of force.   The proceedings from the beginning were at the defendant's instance.   They constituted a single scheme and were designed to accomplish but one purpose.   That purpose was the expulsion of the complainant, and it involved an entry which would be inconsistent with the possession of complainant.

To constitute a forcible entry within the meaning of the statute, it is not necessary that the actual invasion of the premises should at the very moment be attended by the circumstances requisite to give it the character of a forcible entry, or be accompanied by threats, actual force or violence, or any conduct which would constitute a breach of the peace; but if the entry be obtained by stealth or stratagem, or without real violence, and the party entering evinces his

purpose in having entered to have been the forcible expulsion of the party in possession, and it is followed up by actual expulsion by means of personal threats or violence, or superior force, it will amount to a forcible entry.— *Willard v. Warren,* 17 *Wend.* 257, *and cases cited*; *Saunders v. Robinson,* 5 *Met.* 343; *Commonwealth v. Shattuck,* 4 *Cush.* 141; *People v. Smith,* 24 *Barb. S. C.* 16.

The charge of the Circuit Judge on this point, when applied to the testimony given, was in conformity with the view here stated, and is deemed to be correct.

The court was also asked to charge the jury that, if rent was due and unpaid upon the lease, it was not unlawful for the defendant to take possession under the provision authorizing forfeiture if he could do so peaceably, and thereafter hold against complainant. This was refused, but the jury were instructed that it was immaterial whether any rent was due when the defendant took possession; that, if under a claim of rent due, or by an agreement between the parties, the plaintiff yielded possession, the defendant was not guilty.

The foregoing request was based upon the assumption that there was some evidence tending to show that the defendant entered under the provision for re-entry in the lease, but the bill of exceptions shows no such evidence. Whatever testimony was delivered in respect to the rent in arrears as appears by the record, had reference solely to an imputed agreement by Miles to yield the premises and surrender the lease; and upon this point the case was fairly submitted to the jury, and they must have found that there was no such agreement. As this disposes of all material points, it follows that the judgment must be affirmed, with costs.

COOLEY Ch. J. and CAMPBELL J. concurred.

CHRISTIANCY J. did not sit.