## SMALLEY *v.* BODINUS.

NOTARY PUBLIC—ADMINISTERING OATH TO COPARTNER—MECHANICS'
LIENS.

A notary has no authority to administer an oath where affiant
is his copartner, and the matter is one in which the firm is
interested.  So *held* where the statement of a mechanic's lien
in favor of a firm was sworn to before one of the partners.

Appeal from Wayne; Grove, J., presiding.   Submitted
April 20, 1899.   Decided June 5, 1899.

Bill by Edwin E. Smalley, as successor and assignee of
himself and De Witt C. Spaulding, copartners, against
William C. Bodinus and others, to enforce a mechanic's
lien.   From a decree for complainant, defendants appeal.
Reversed.

*Sheridan J. Colby* (*Harrison Geer* and *J. H. Cole*,
of counsel), for complainant.

*Walker & Spaulding*, for defendants.

HOOKER, J.   Edwin E. Smalley and De Witt C. Spauld-
ing were copartners, and, as such, had a claim for lumber
furnished by them to one Gardner, who put it into a house
belonging to the defendant, upon which it is sought by this
proceeding to enforce a lien.   The statement of the lien
which was filed appears to have been signed and sworn to
by Smalley before Spaulding, his copartner, and the de-
fendant claims that this rendered the statement invalid,
upon the principle that the interest of Spaulding disqualified
him from acting in the premises, and the statement is the
same as if it had not been verified.   It is urged that the
statute confers authority on any notary to administer
oaths, and we are cited to some cases where this court has
held that an oath may be administered by a solicitor of

the affiant. But that presents a somewhat different question, as in that case the attorney cannot be said to be an interested party, while here the copartner clearly is so. But in that case the legislature expressed its disapproval of the practice by forbidding it soon after the decisions were filed. We have held that an acknowledgment of a deed taken by the grantee is void. *Groesbeck* v. *Seeley*, 13 Mich. 329; *Laprad* v. *Sherwood*, 79 Mich. 524. Counsel cite cases from other States supporting this proposition. It may be possible to draw a distinction between an acknowledgment and an affidavit; but it seems to us that the same reason forbids official action by one who is to be benefited in both cases. Perhaps no great hardship would result should this affidavit be held valid, inasmuch as it has in no way misled any one, and furthermore states the truth; but the rule, once established, would be applicable to other affidavits, where the dangers of the practice would be more apparent.

The decree of the circuit court is reversed, and the bill dismissed, with costs of both courts.

The other Justices concurred.