·SCHERMERHORN *v.* MERRITT.

WILLS—SIGNING—EVIDENCE.

That testatrix wrote her name where it appeared in the body of a will not otherwise signed—conceding such to be a sufficient signing to comply with 3 Comp. Laws 1897, § 9266—is not established by evidence merely that she on one occasion told a friend that she was making her will, and had copied it herself; there being nothing to show that the instrument referred to by testatrix was the one attested by the witnesses.

ON APPLICATION FOR REHEARING.

APPEAL—BILL OF EXCEPTIONS—EVIDENCE.

Where a bill of exceptions sets out in narrative form the direct, cross, and redirect examinations of the successive witnesses, expressly stating in some instances that the testimony is given in full, and containing no intimation that any testimony is omitted, the court will draw no presumption that other proof was adduced of a material fact to which the testimony related, but which it was insufficient to establish.

Error to Washtenaw; Kinne, J. Submitted January 31, 1900. Decided March 13, 1900. Rehearing denied May 2, 1900.

Jerome Schermerhorn presented for probate the alleged will of Mariette Bennett, deceased, and, probate being denied, he appealed to the circuit court. From a judgment for proponent, Giles Merritt and others, contestants, bring error. Reversed.

*Edward P. Allen* and *John P. Kirk* (*J. Willard Babbitt*, of counsel), for appellants.

*Lehman Bros. & Stivers* (*M. J. Cavanaugh*, of counsel), for appellee.

HOOKER, J. In March, 1896, one Mariette Bennett, a spinster, died in Superior township, Washtenaw county,

seised of 160 acres of land, at the age of 65 years. She was the last of a family of that name who lived and died upon the premises. The appellee is a negro, who lived in the family for many years, and who made his home there at the time Miss Bennett died. Letters of administration issued to Graves, and in the course of proceedings the appellee filed a claim before the commissioners on claims for services as hired man. This was disallowed, but on appeal a jury rendered a verdict in his favor. In June, 1897, a paper was presented to the probate court, which was alleged to be a copy of a will made by Miss Bennett, and the appellee petitioned that it be admitted to probate. After a full hearing, probate was denied; but on appeal to the circuit court it was sustained by the jury, and admitted to probate as the last will and testament of Mariette Bennett. The case is now before us upon appeal.

The paper, as described in the petition for probate, reads as follows, viz.:

"This is to certify that Jerome Schermerhorn should have what I leave, in regard to property and real estate and household goods. I leave to him all that I have under my lock and key, also in my inclosure. This paper should not be shown until nine months after my death. It was my brother Frank's wishes that, if Jerome Schermerhorn stayed with us, that he should have what was left on the place, and the place. It is my wishes that he should have it, too. He has been a man that has worked hard for it. I now leave two hundred dollars for his burial or mine. If he dies first, it shall go for his burial. If I die first, Mariette Bennett, it shall buy a marker for me. As I leave the balance of property to Jerome Schermerhorn, I leave this with Mr. George W. Loughridge. He made my monument, and put it on my lot. This paper shall not be shown till after nine months after my death. Jerome, he gets rattle-headed sometimes before he knows what he is doing. He will leave his home, if I leave him, and would not appreciate what I left him. That will give him a chance to see whether I am living or whether I am not.

[Signed]    "MARIETTE BENNETT.

"Witnesses:
    "ALBERT KNAPP.
    "WM. ROWE."

The important question in the case is whether this paper should have been admitted in evidence, and the jury permitted to find that Miss Bennett left a valid will, of which this was a copy. The statute (3 Comp. Laws 1897, § 9266) requires that a will be in writing, signed by the testator, or by some person in his presence and by his express direction, and attested and subscribed in the presence of the testator by two or more competent witnesses. It is not pretended that this will was signed by any other person in the presence of the testatrix, at her direction, but it is claimed that she signed it herself. Is this proved? The testimony of the witness Rowe shows a signature at the end of the will, but this was not there at the time that Knapp signed it. Then Knapp did not attest a will at all, but only an unexecuted writing, unless it can be made to appear that the name of the testatrix was written in the body of the instrument by her, if it be conceded that such would be a sufficient signing. The only evidence tending to show this is that of Rachel Ring, who said that on one occasion the testatrix was looking over some papers, and said to her that she was making her will for Jerome; that the testatrix then read the will over, and said:

" 'I have made it, copied it myself, and I want it done just like it. It is Jerome's, and it shall belong to him.' * * * She said she took the copy off of the other will."

Nothing shows when this was; nor is there any testimony tending to show that the will was finished, or that such paper was ever executed. It cannot be said that the name of the testatrix was written by her in the body of the will probated. We have not, therefore, the case of a will signed by the testatrix, and attested by two subscribing witnesses. The will should not have been admitted in evidence.

The order is reversed, and a new trial directed.

The other Justices concurred.

ON APPLICATION FOR REHEARING.

PER CURIAM.    Counsel apply for a rehearing upon the ground that the court has assumed that there was no proof received upon the trial tending to show that Mariette Bennett wrote the original will, when the bill of exceptions does not show that all of the testimony was included in it. Under the testimony shown in the record, there was a lack of proof of the proper execution of the will, and therefore the court erred in admitting an alleged copy.    Previous to the time this copy was offered, a number of witnesses had been sworn by proponent, upon whose testimony the offer was apparently based.    The witnesses were called in succession, and the record not only contains, in narrative form, their direct, cross, and redirect examination, but it expressly states in several instances that their testimony in full is given.    There is nothing to indicate that the testimony of any witness was omitted.    In such case we should be overtechnical if we should hold that the copy was admissible upon the assumption that proof of the fact now asserted had been made.    We must assume that the bill of exceptions contains all testimony bearing on the question raised.    See *Shaw* v. *Hoffman*, 25 Mich. 162; *Carter* v. *Snyder*, 27 Mich. 484; *Atlas Mining Co.* v. *Johnston*, 23 Mich. 36; *Hitchcock* v. *Burgett*, 38 Mich. 501; *Rose* v. *Jackson*, 40 Mich. 29.

The motion for rehearing is denied.