*In re* KAHL'S ESTATE.

1. WILLS—ATTESTATION OF WITNESSES.

Purported will, containing formal attestation clause in which both witnesses stated that testator signed and declared document to be his last will and testament and in his presence and at his request and in the presence of one another they subscribed their names as attesting witnesses, *held,* not entitled to probate where instrument was signed by one witness before testator signed it and that witness did not observe testator sign the will and did not recognize testator's signature or handwriting, since such witness attested only an unexecuted writing (3 Comp. Laws 1929, § 13482).

2. SAME—CONTINUITY OF ATTESTING ATTENTION.

Unbroken supervising attesting attention of subscribing witnesses is essential to give validity to a will regardless of order of signing by testator and witnesses (3 Comp. Laws 1929, § 13482).

Appeal from Wayne; Cramton (Louis C.), J., presiding. Submitted October 30, 1936. (Docket No. 107, Calendar No. 39,131.) Decided December 28, 1936. Rehearing denied March 2, 1937.

In the matter of the estate of William Kahl, deceased. The alleged will of William Kahl was presented for probate. From order of circuit court allowing probate of will, contestant appeals. Reversed and remanded.

*David N. Harper* and *Edgar C. Ashmead,* for proponent.

*Arthur J. Adams,* for contestant.

Butzel, J. On January 16, 1936, William Kahl, now deceased, brought a typewritten document into the jewelry store conducted by Arthur Reiche and Adolph C. Bunge of Detroit and asked them whether they ''would consent to sign his last will.'' The store has a width of about 20 feet with counters on each side, the distance between them being about 12 feet. Bunge was behind one counter and Reiche behind the other. Kahl first went to Bunge who signed his name as a witness to the document which lacked the signature of the testator at that time. Bunge stated positively that he not only did not see Mr. Kahl sign the will, but he never saw the signature on the will at any time until the day prior to the hearing in the probate court; that he did not know whether Mr. Kahl signed it the day he was in the store or not; that he had never seen Mr. Kahl's handwriting or signature before and did not know whether the signature to the will was in Mr. Kahl's handwriting or not. Reiche testified that Mr. Kahl signed the instrument at the counter where Reiche was standing, whereupon the latter signed as a witness and at Mr. Kahl's request filled in a blank in the date of the will; that Mr. Bunge, the other witness, was at the opposite counter and Bunge's attention was diverted by a customer who had come into the store and interrupted him. He stated that Bunge either saw or should have seen him write on the paper; that every once in a while Bunge would glance over, but he could not state positively because Bunge was waiting on a customer. The witnesses agree, however, that Kahl's back was turned towards Bunge at the time he signed the will. It contains a formal attestation clause in which both witnesses stated that the testator signed and declared the document to be his last will and testament

and in his presence and at his request and in the presence of one another, they subscribed their names as attesting witnesses. The testimony was taken in the probate court and a transcript was introduced in lieu of further testimony in the circuit court. The trial judge upheld the will and contestant has appealed.

While the testimony is, in some respects, conflicting and the answers are somewhat ambiguous, the record does disclose the fact that Bunge did not see the testator sign and that his attention was diverted because he had to wait on a customer who had entered the store. The trial court stated that the facts were different from any others that had come to his attention and that it would be contrary to the whole policy laid down by the courts to set aside the will which the testator took reasonable steps to have properly executed and that it would be an invasion of the rights of the testator for the court to set aside the will.

Section 13482, 3 Comp. Laws 1929, provides that no written will shall be effectual to pass any estate unless signed by the testator and attested and subscribed in the presence of the testator by two or more competent witnesses. Witness Bunge did not attest the will of William Kahl, but only an unexecuted writing and under the rule laid down in *Schermerhorn* v. *Merritt,* 123 Mich. 310, the document should not have been admitted to probate. See note in 38 L. R. A. (N. S.) 165 for collection of authorities. The instant case is distinguishable from *In re Horn's Estate,* 161 Mich. 20 (26 L. R. A. [N. S.] 1126, 20 Ann. Cas. 1364), inasmuch as there was no ''unbroken supervising attesting attention'' of the subscribing witness Bunge. See *Rosser* v. *Frank-*

*lin,* 6 Grat. (47 Va.) 1 (52 Am. Dec. 97), referred to in *Re Horn's Estate, supra.*

The judgment, allowing the will, is reversed, with costs to appellant and the case is remanded to the circuit court with direction to so certify to the probate court.

North, C. J., and Fead, Wiest, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.