UTLEY v. FIRST CONGREGATIONAL CHURCH.

1. EXECUTORS AND ADMINISTRATORS—WILL CONTEST—STATUTES—PARTIES.

An executor under a will is, under present statutory provisions, an active party in a will contest with a duty to take such reasonable steps as may be necessary to sustain the will against assaults upon it, since the executor occupies a position of trust for all persons concerned or interested in the estate (CL 1948, §§ 702.21, 702.24).

2. WILLS—PROPONENT'S POSITION OF TRUST—BENEFICIARIES.

Beneficiaries under a will have a right to rely on the efficacy for them of the proponent's petition for probate of the will, without themselves also petitioning therefor, and also of proponent's appeal to the circuit court, at estate expense, from order of probate court denying admission of will to probate, without being required to take an appeal also, as there is imposed upon proponent some of the moral duties peculiar to a trust, hence, the proponent's voluntary action, upon satisfaction of her personal interests, should not be allowed to defeat the

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur, Wills § 827.
[3] 4 Am Jur 2d, Appeal and Error § 207.
[5] 57 Am Jur, Wills § 866.
Presumption of due execution of will from attestation. 76 ALR 617.
[7] 57 Am Jur, Wills § 797.
[9] 3 Am Jur, Appeal and Error § 246.
[10] 3 Am Jur, Appeal and Error § 1196.

rights of other beneficiaries under the will to continue the
contest for the allowance of the will (CL 1948, §§ 702.21,
702.24).

3. SAME—INTERVENORS—BENEFICIARIES—APPEAL TO CIRCUIT COURT.
   Intervenor beneficiaries under will who had not appealed from
   decision of probate court denying will to probate, but which
   decision was appealed by proponent, may prosecute the appeal
   in the circuit court notwithstanding appellant's consent to set-
   tlement defeated, rather than defended, the will, as authorized
   by statute (CL 1948, §§ 702.21, 702.24).

4. SAME—EXECUTION—FINDING OF CIRCUIT COURT—CLEAR PREPON-
   DERANCE OF EVIDENCE.
   Finding of circuit judge that there had been due execution of
   will involved *held,* not against the clear preponderance of
   evidence which was in conflict as to whether testator signed be-
   fore or after the attesting witnesses signed (CL 1948, § 702.5).

5. SAME—ATTESTATION CLAUSE—PRESUMPTIONS—EVIDENCE.
   A complete attestation clause in a will raises a presumption that
   the will was executed in accordance with the recitation therein
   that is not overcome by testimony of 1 of the attesting wit-
   nesses that he did not see the testator sign his name, did not
   see the tsetator's name, and that testator did not expressly
   say to them that he had signed it, especially where there is
   presented contradictory testimony in support of the due
   execution (CL 1948, § 702.5).

6. SAME—VERIFICATION OF PETITION—JURISDICTION OF COURTS.
   Insufficiency of petition for probate of an instrument as the
   will of decedent for lack of verification, a procedural matter
   *held,* not fatal to the court's decision on admissibility of the
   will, where probate court had not refused to take jurisdiction
   for lack of a sufficient petition, and such insufficiency was
   not raised as an objection until after the jurisdiction of both
   the circuit court and Supreme Court were invoked and exercised.

7. SAME—CONTEST—STATUTES.
   The right to contest a will is statutory and can be exercised only
   in accordance with and within the limitations prescribed by
   statute.   (CL 1948, § 702.24).

8. SAME—ADMISSIBILITY TO PROBATE.
   The admissibility of a will to probate should not be determined
   piecemeal.

9. Same—Admissibility—Objections.

It is not permissible upon appeal to the circuit court or to the Supreme Court to raise other objections to the admissibility of a will to probate other than those presented at or prior to the hearing on admission of the will to probate (CL 1948, §§ 617.58, 702.24).

10. Same—Appeal to Circuit Court.

The circuit court on appeal from the probate court may make such order as the probate judge ought to have made (CL 1948, § 701.50).

11. Same—Remand—Admissibility—Execution.

Circuit court's order remanding case to probate court for proceedings not inconsistent with circuit court's holding that will had been duly executed but not ordering it admitted to probate is modified to require circuit court to remand case to probate court with direction to admit will to probate, where matter of execution had been only objection raised at hearing in probate court as to admissibility of instrument, and circuit court's finding as to due execution is affirmed (CL 1948, §§ 617.58, 701.50, 702.24).

Black and Kavanagh, JJ., dissenting in part.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted June 8, 1962. (Docket No. 31, Calendar No. 49,339.) Decided October 1, 1962.

Gladys M. Dow Utley objected to the admission to probate of the will of her deceased husband, Jerome A. Utley. Probate court denied admission of will, finding insufficient proof of execution. Proponent, Frances Cooper, appealed to circuit court, and First Congregational Church of Detroit intervened. On settlement between widow and proponent and dismissal of appeal, intervenor objected, sought admission of will to probate, and obtained hearing. Harriett L. Adams, Alice Lyon, Nelleen S. Gardner, and Harriet Potter intervened, asking admission of will. Order entered finding will properly executed and remanding cause to probate court. Adverse party plaintiff, Gladys M. Dow Utley, appeals. In-

tervenor-defendant.   First Congregational Church
of Detroit, cross appeals.   Affirmed as to propriety
of will and reversed for entry of order in circuit
court admitting will to probate.

*Dykema, Wheat, Spencer, Goodnow & Trigg,* for
adverse party plaintiff.

*Butzel, Eaman, Long, Gust & Kennedy* (*Thomas
G. Long, Addison D. Connor,* and *John J. Kuhn,* of
counsel), for intervenor defendant First Congrega-
tional Church of Detroit.

*Bodman, Longley, Bogle, Armstrong & Dahling,*
for individual intervenor-defendants.

DETHMERS, J.   The initial question raised in this
case was whether the alleged will of Jerome A. Utley
was executed in the manner prescribed by statute.
CL 1948, § 702.5 (Stat Ann 1943 Rev § 27.3178 [75]).
On petition for admission of the will, the probate
court held in the negative and denied probate.   On
appeal, the circuit court reversed that order, held
that the will was executed in accord with the statute,
and remanded the cause to probate court for further
proceedings consistent with that holding.   From
that, plaintiff, widow of the testator, as adverse
party or contestant, appeals here.   Appellees are
beneficiaries under the will and are styled as inter-
venors.   They support the will.   One of them, the
church, although agreeing with the circuit court's
holding in the respect noted, cross appeals because
it did not go further and admit or direct the probate
court to admit the will to probate.
   The person signing the petition for probate of
the will, hereinafter called the proponent, did so as
the one named in the will as executor and a prime
beneficiary.   Counsel for the church entered its ap-

pearance in the probate court. No written objections to admission of the will were filed. From the order denying probate the proponent seasonably took an appeal to circuit court. She also procured a probate court order authorizing her to employ counsel, at the expense of the estate, to represent her in the matter, which, of course, consisted, at that time, of her appeal to circuit court. The church and other appellees in this case did not take an appeal to the circuit court nor did they enter an appearance there in proponent's appeal.

After the time for taking such an appeal had expired, the church, on its petition, was permitted, by circuit court order, to intervene and stand as an intervening party appellant in subordination to and recognition of the present plight and condition of the proceeding.

Next, proponent and 3 other legatees who had appeared in her appeal, as first parties, and plaintiff widow entered into an agreement, settling the claims of the former against the estate under the will, providing for a $5,000 fee to be paid out of the estate to proponent's attorneys, and permitting the cause and appeal to be dismissed with prejudice to first parties. Pursuant to the agreement an order to so dismiss was presented to the circuit court. The church objected. The court being of the view that intervenors had no standing to further prosecute the appeal after proponent had agreed to dismissal of it, an order entered dismissing the cause with prejudice as to all the parties.

On the church's motion for rehearing the order dismissing was set aside, the cause was reinstated as to the church, and the legatees appearing as the other appellees herein were permitted to intervene as parties appellant in the same manner as the church. A further order was entered affirming the

order dismissing as to the parties who had entered into the settlement with plaintiff widow.

Plaintiff widow next moved to dismiss the cause because proponent's petition to admit the will had not been duly verified. This the court denied.

At pretrial hearing in circuit court it was determined that the sole issue was whether the will was duly executed in accord with the statute.

Finally, the matter came on for trial in the circuit court. After trial without jury, the court held that the will had been executed in the manner by statute required. From that, as stated at the outset, plaintiff widow has appealed here.

Questions raised on this appeal are these:

1. After proponent executrix had consented to dismissal of her appeal as such, did the appellee church have standing to prosecute the appeal from the order of the probate court to the circuit court?

2. Was the judgment of the lower court that the will was executed in accord with the statute against the preponderance of the evidence?

3. Did the lower court err in refusing to dismiss the appeal from the order of the probate court on the motion of the appellant here on the ground that the petition for probate of the will was not properly verified?

On cross appeal the question is:

Was it not the duty of the circuit court to enter such an order as the probate court should have entered, namely, admitting the will to probate?

Did the church have standing to prosecute the appeal in circuit court after proponent, as the appellant there, consented to its dismissal? It is the contention of plaintiff that because the church's rights as intervenor in the circuit court appeal were made "in subordination to and recognition of the present plight and condition of the said proceeding,"

proponent's consent, as appellant, to dismissal thereof left nothing in which the church could continue to intervene or prosecute an appeal. Plaintiff says that the church could only have protected its rights in that regard by having taken an appeal itself from the order of the probate court. The church and other appellees respond that when proponent, as executrix, petitioned for probate of the will, she assumed a position of trust for all beneficiaries under the will and had a moral duty not to quit as soon as her personal interests were satisfied, thus leaving the contest dismissed with prejudice to the rights of other beneficiaries who had objected to such dismissal.

In point, urges plaintiff, is the following from *In re Doty's Estate,* 231 Mich 115, 119:

"It should be remembered that in this State there is no legal duty resting on a nominated executor to establish or defend a will."

This Court took note, however, of the enactment, too late to apply to that case, of PA 1923, No 281, permitting the executor to petition for admission of the will to probate and providing for payment of attorney fees out of the estate which are incurred by the executor in defending the will. See CL 1948, §§ 702.21, 702.24 (Stat Ann 1943 Rev §§ 27.3178 [91], 27.3178 [94]). Accordingly, in *Barber* v. *Wayne Circuit Judge,* 245 Mich 520, arising after effective date of that statute, this Court again took note of that enactment, and said:

"Before the act the person who was named executor had nothing to do in a will contest; now upon proper order of the court he has everything to do with it; before the act, he could spend no money of the estate to sustain the will; now he may expend in sustaining the will such funds of the estate as may be necessary, subject, of course, to the approval of

the probate court. Before the act he was not a party to the litigation; now he is a party and the active one. His duty now is, under the order of the court, to take such reasonable steps as may be necessary to sustain the will against the assaults upon it. We think the statute makes it clear that he is the adverse party to those seeking its disallowance."

Plaintiff says that despite the important role the statute thus assigns to the executor, nevertheless it does not require him to petition for probate of a will and become a proponent. The fact is, however, that here the proponent did just exactly that, in her capacity as executrix, and procured an order allowing her to employ counsel, at estate expense, to represent her in her appeal to circuit court from the probate court order denying probate. The question then is, what, if any, duties and responsibilities did she thereby assume? While a different issue was there involved, we think that in *Allison* v. *Smith,* 16 Mich 405, some inkling may be found of what the answer to our question should be. This Court there said (p 415):

"In the propounding a will for probate, the rights of *'all concerned or interested'* are involved—whoever are named as proponents; and since the propounding does in general, as in this case, impose on the proponents some of the moral duties peculiar to a trust, it ought not to be expounded on the principles governing cases where the *named parties* are understood to represent themselves *only,* and hence are considered as possessing the right to enlarge or abridge the issue by waiver and admissions to any extent permitted by the court. The issue upon the probate of a will is in a measure marked out by the statute, and cannot be contracted to the detriment of those *'concerned or interested,'* and against their remonstrance, by the act of others who happen to be proponents."

We think beneficiaries under the will had a right to rely on the efficacy for them of proponent's petition, without themselves petitioning for probate of the will, and also of proponent's appeal to circuit court, at estate expense, without being required to take an appeal also. In the spirit of *Allison*, the propounding and thereafter the appealing by proponent did impose on her some of the moral duties peculiar to a trust. We think that proponent's voluntary action, upon satisfaction of her personal interests, ought not to be allowed to defeat the rights of other beneficiaries under the will to continue the contest for allowance of the will.

In *In re Snyder*, 328 Mich 277, it was held that, in a circuit court appeal taken by another from a probate court order, intervenors could, after decision on the merits in circuit court favorable to the appellant therein but adverse to intervenors, prosecute an appeal to this Court even though the person taking the appeal to circuit court was content to let the matter rest as decided by the circuit court and, hence, refrained from taking an appeal here.

Plaintiff in this case says *Snyder* is distinguishable in that there the intervenors never had an opportunity or the legal status to take an appeal seasonably from probate to circuit court, while here they might have done so in ample time. We think that distinction without validity, for the reason that, in our view, they did everything necessary in relying on proponent's appeal and intervening therein only when it became evident that she was about to abandon it over their objections made in open court. While admitting that the church and other intervenors had rights which they could have insisted upon having determined by taking an appeal to circuit court, plaintiff, nevertheless, insists that they should be denied such right because they did not take a separate appeal to circuit court but relied on

the one taken by proponent. That that procedure was not the one followed by the church cannot have prejudiced plaintiff or any other party at interest, and no reason appears why she should be benefited by noncompliance with the procedural technicality selectively suggested by her. As already stated, in our view, the church and other intervenors did all that was necessary to preserve their rights. They need not have anticipated that the $5,000 fee for proponent's attorneys, ordered paid out of the estate, would be used with proponent's consent to defeat rather than defend the will as authorized by the statute. They were entitled to prosecute the appeal in circuit court.

Was the circuit court finding that the will was executed in accord with statutory requirements against the preponderance of the evidence? We have here an instrument, prepared by the testator himself, which admittedly bears the genuine signatures of the testator and of the 2 attesting witnesses. The witnesses signed in the presence of testator and of each other. The only challenge raised as to statutory compliance goes to whether the testator signed in the presence of the witnesses or before they did. Plaintiff cites as authority for such requirement CL 1948, § 702.5 (Stat Ann 1943 Rev § 27.3178 [75]), and *In re Kahl's Estate,* 278 Mich 561; *In re Kohn's Estate,* 172 Mich 342; *In re Dougherty's Estate,* 168 Mich 281 (38 LRA NS 161, Ann Cas 1913B, 1300); *In re Horn's Estate,* 161 Mich 20 (26 LRA NS 1126, 20 Ann Cas 1364); and *Schermerhorn* v. *Merritt,* 123 Mich 310.

Plaintiff's theory apparently is that testator did not sign until later, when the witnesses no longer were present. So, says plaintiff, the witnesses did not attest a will, as the statute requires, but only an unexecuted writing, citing again, *In re Kahl's Estate,*

*supra,* as authority for denial of such an instrument to probate as a will.

The rather shocking holding in *In re Kahl* is rendered inapplicable here by the significant distinguishing fact that there there was positive, incontroverted testimony that testator had not yet signed when the first witness did and that that witness did not see or know that the testator ever did sign thereafter. Here there is the positive testimony of proponent that she was present at the time and saw testator sign in the presence of the witnesses and just before they did.

The question here is one of fact and of the preponderance of the evidence. One of the attesting witnesses, Attar, at time of trial employed under the supervision of plaintiff's brother, testified that when he signed as a witness the page on which he signed was partially covered by a blank sheet of paper so that he could not see what was on it above the place where he signed; that he did not see the testator's signature on it nor see him sign it, and that the latter did not tell him that it was his will. The other attesting witness, O'Brien, testified that he signed the instrument as a witness to testator's signature in the presence of the testator and the other witness, the latter also signing in his presence and that of the testator; that at that time the last page had been partly covered by a blank sheet; that he never signed a document as a witness without first seeing the signature which he was witnessing and that if he witnessed a signature he first saw the signature before he witnessed it; that there never had been any doubt in his mind that he had witnessed testator's will; that he did not actually remember seeing testator sign it nor seeing his signature on it. The proponent, testator's secretary, was present at the time. As already noted she testified that testator and the 2 witnesses signed then, in the presence of

each other. While rejecting this testimony of proponent as coming from an interested party, plaintiff, nevertheless, relies on it to establish that testator did not sign the will before the witnesses came into the room.

In his opinion the circuit judge stated that he was impressed by proponent's candor, truthfulness, and intelligence as a witness and that the attesting witness, O'Brien, was testifying truthfully. He then contrasted Attar to them and referred to his nervousness on the witness stand and his employment connection with plaintiff's brother. It is manifest that the judge believed proponent and O'Brien and not Attar. Despite references in plaintiff's brief to what are asserted to be undisputed facts, such as identity of the pens used by each signer, et cetera, which it is urged support the position that testator did not sign until after the witnesses had left, we find in them nothing leading us to conclude that the circuit judge's finding of due execution of the will was against the clear preponderance of the evidence.

In *Abbott* v. *Abbott,* 41 Mich 540, 542, this Court said:

"But we know of no rule of law which makes the probate of a will depend upon the recollection or even the veracity of a subscribing witness. The law, for wise and obvious reasons, requires such instruments to be executed and attested with such precautions as will usually guard against fraud. But if the forgetfulness or falsehood of a subscribing witness can invalidate a will, it would be easy in many cases to use such artifices or corruption as would render the best will nugatory."

In point is the following from *In re Dougherty's Estate,* 168 Mich 281, 293, 294 (38 LRA NS 161, Ann Cas 1913B, 1300):

"Will the facts that the witnesses did not see the testator sign his name, and did not see his name

on the paper, and that he did not expressly say to them that he had signed it, as a matter of law, overcome the presumption that it was signed when presented to the witnesses, under the circumstances? We think not."

In *In re Dalton Estate,* 346 Mich 613, 624, it is stated:

"It is well established that where there is a complete attestation clause a presumption arises that the will was executed in accordance with the recitation therein. 76 ALR 617."

In *In re Dettling Estate,* 351 Mich 335, 340, there was quoted with approval from 2 Page on Wills (Lifetime ed), § 758, pp 471–473, the following:

" 'Even where a subscribing witness denies the existence of certain facts necessary for the legal execution of the will, the presumption of regularity may prevail over such direct evidence. The subscribing witness, by acting as such, in effect formally declares that all the facts necessary to the legal execution of the will exist, and in advance, by acting as a subscribing witness, he has seriously discredited his subsequent denial of these facts under oath. It is, therefore, quite possible that the presumption that the necessary acts have been performed is not overcome by the adverse testimony of 1 or more of the subscribing witnesses, and a will may be admitted to probate although 1 or more of the subscribing witnesses testify adversely thereto. The testimony of the subscribing witnesses which denies the performance of 1 or more of the facts which are necessary to the validity of the will is, at best, to be received with caution, and to be viewed with suspicion.' "

Such are the presumptions and rules involved in a case, as here, where the signatures of the witnesses are genuine and admitted as is also that of the testator. We cannot find to be against the clear pre-

ponderance of the evidence the circuit court's finding that the evidence did not rebut or overcome the presumption that the will was executed in accordance with the recitations in the attestation clause, namely that it was signed by testator, in the witnesses' presence, previous to their signing it.

Should the circuit court have granted plaintiff's motion to dismiss the appeal on the ground that proponent's petition for admitting the will to probate was not properly verified? Plaintiff cites *Seitz* v. *Miles,* 16 Mich 456, in which this Court held properly excluded from evidence an improperly verified complaint filed in another case; *Bernier* v. *Bernier,* 72 Mich 43, in which this Court stated that on motion to strike from the files a cross bill of complaint, lack of signature or verification of the cross bill is a fatal defect; and *Smalley* v. *Bodinus,* 120 Mich 363 (77 Am St Rep 602), in which an improperly verified statement of lien was held invalid. The latter has to do with strict compliance with statutory requirements essential to perfecting a lien and is without applicability here. As for the first 2 cases, they might be of worth to our consideration had the probate court in the instant case refused to take jurisdiction for lack of a sufficient petition. Here, however, without objections, the probate court did take jurisdiction and passed on the will. Thereafter the jurisdiction of both the circuit court and this Court were invoked and exercised. Other cases cited by plaintiff in this connection are equally inapt. The question in these proceedings is the validity of the will. Validity of the petition is a procedural question, proper if raised seasonably. Here it was not raised until after the appeal to circuit court had been taken. Insufficiency of the petition is not fatal to the court's decision on admissibility of the will. The motion was properly denied.

Cross appeal is taken from the circuit court's declining to order the will admitted to probate. Was the court in this respect in error? Its view was that the only question before the court was whether the will was executed in compliance with requirements of the statute and that the court, therefore, could decide nothing further than that. That was the *only* question before the court because none other had been raised. As previously stated, no objections to the will had been filed in probate court. Indeed, at the hearing in probate court on proponent's petition for admitting the will, plaintiff-widow's attorney announced to that court "This is no will contest." CL 1948, § 702.24 (Stat Ann 1943 Rev § 27.3178 [94]), provides that objections to admitting a will shall be filed in writing and served on proponent at or prior to the hearing for the admission thereof. In *In re Estate of Meredith,* 275 Mich 278, 292 (104 ALR 348), this Court said:

"The right to contest a will is, in this State, purely statutory and can be exercised only in accordance with and within the limitations prescribed by statute."

CL 1948, § 617.58 (Stat Ann § 27.907), provides:

"In proceedings for the probate of wills, it shall not be necessary for the proponent in the first instance to introduce any proof to show the competency of the decedent to make a will, but the like presumption of mental competency shall obtain as in other cases."

Had plaintiff-widow or any other person desired to challenge testator's mental competency to make a will or to raise other objections to its admissibility the time for that was at the hearing on admission or prior thereto. Admissibility of the will should not be determined piecemeal. But 1 question in that regard, proper execution, came up at the hearing in

probate court, raised then by the probate judge himself, not by plaintiff or any other interested party. In view of the statutory provisions and authorities above noted and the course that this case has taken thus far, with no other objections raised to the will, none should be allowed at this late date. CL 1948, § 701.50 (Stat Ann 1943 Rev § 27.3178 [50]), provides that on appeal the circuit court may make such order as the judge of probate ought to have made. The probate judge ought to have made an order admitting the will to probate. We remand to the circuit court for entry of such order.

Affirmed as to questions raised on plaintiff's appeal and reversed as to the question raised on cross appeal. Costs to intervenor-appellees and cross-appellant.

CARR, C. J., and KELLY, SOURIS, and ADAMS, JJ., concurred with DETHMERS, J.

BLACK, J. (*dissenting in part*). I would affirm Judge Moynihan's order as it stands. That order reads:

"Now, therefore, it is ordered and adjudged that said instrument was executed in accordance with PA 1939, No 288, chapter 2, § 5 (CL 1948, § 702.5 [Stat Ann 1943 Rev § 27.3178 (75)]), and that this judgment be certified by the clerk to the probate court for Wayne county and this cause be remanded to said probate court for further proceedings consistent herewith."

For the sake of ever desirable certainty of practice and substantive right, we should keep in constant mind the purely appellate status of the circuit court when questions involving validity of submitted testaments are presented and determined in probate and taken to circuit by appeal or certification. The jurisdiction of the circuit court in such instance is

both appellate and special, and no issue may be heard or determined which the court below, on due presentation, has not heard and determined. See cases and discussion in the concurrent opinions Justices FELLOWS and WIEST prepared for *In re Reid's Estate,* 248 Mich 360, 366, 370; followed unanimously in *In re Dutton Estate,* 347 Mich 186, 192, and by 3 of us in *In re Francis Estate,* 349 Mich 339, 349.

The only issue so far tried and determined in probate, absent notice of contest and upon testimony confined strictly to such issue, is whether the submitted instrument was executed according to sequent requirement that the attesting witnesses actually attest, that is, sign per statute *after* the intending testator has signed. The probate judge determined that issue adversely to proponent. On appeal to circuit, that issue—and only that issue—was reviewed and determined favorably to proponent. Accordingly, there as yet has been no statutory contest, of such submitted instrument, for want of filing of some formal or informal notice of contest. Such contest may never come to pass, yet the right should not be cut off now. Such was the obvious good sense of the quoted circuit court order; an order which merely puts the status of the submitted instrument back where it was when the erroneous probate order was entered, that is, ready for due hearing of the petition for probate and such notice of statutory contest—say on ground of undue influence or mental incapacity—as may have been filed or may yet be filed prior to the time our decision reaches circuit and that court's order of remand reaches probate.

Justice DETHMERS refers to all this as determination "piecemeal" of the ultimate question; whether the submitted instrument should or should not be admitted to probate. To this I answer that sometimes our present appellate rules do require "piecemeal" trials. And errors of judges—appellate and sub-

ordinate—do make many other such "piecemeal"
trials, as the profession well knows. Too, less justi-
fiable reasons for "piecemeal" trials occasionally rear
themselves. Will we, for instance, employ the epithet
"piecemeal trial" when this improvident Court—be-
set and suffering then as Job—gets around to apply
its fancy new rules for separate trials of the many
issues a single action or proceeding inevitably pre-
sents? Why, this Utley Estate will have seen noth-
ing in comparison with what's fast a'comin'—for
Michigan lawyers and judges—in future cases of
many trials.

To summarize: The controlling fact is that the
probate court so far has limited its decision to this;
that the ordered mechanics of the statute (CL 1948,
§ 702.5 [Stat Ann 1943 Rev § 27.3178(75)]) were not
followed. That decision was error, as the circuit
court properly determined. Not decided to date are
remaining issues the probate court—not this Court
or the circuit court—must hear and determine as a
condition of grant or denial of the yet pending peti-
tion for probate. The submitted instrument has not
as yet "passed the ordeal of probate" (see quotation
below). That ordeal must be suffered originally in
the probate court. The instrument thus is not, to
date, a legal testament. It cannot now be pronounced
such by this Court, any more than the circuit court
could so pronounce. The point was made in *Allison*
v. *Smith,* 16 Mich 405, 429:

"Whenever the paper propounded as a will has
been subjected to every kind and degree of proof on
probate which could be necessary according to its
provisions, and been regularly adjudicated upon, its
character as a testamentary instrument is fixed;
whatever construction should be subsequently put
upon its provisions, and whatever decision should be
thereafter made upon the capacity of any donee to
take. Until the requisite adjudication upon probate,

the instrument, insofar as such adjudication should be wanting, would remain incomplete as an adjudged testamentary paper, and without any fixed legal value as a will. Insofar as it should remain unproved, it could not have the full operation of a will. The fact of its being unproved would not render it void.

"But it could not be told whether it was void or not, until it should have passed the ordeal of probate."

As indicated, I vote to affirm.

KAVANAGH, J., concurred with BLACK, J.

OTIS M. SMITH, J., did not sit.