This is a will contest in which Zofia Cytacki, mother of deceased Walter K. Cytacki, attacks the validity of the purported will upon the ground that the instrument was not executed in accordance with statutory requirements. *Page 557 
The material facts are not in dispute. Walter K. Cytacki was a single man and lived with a relative Barbara Borowicz, the proponent herein, at 1996 Yemans street in the city of Hamtramck, Michigan. About noon on the 1st day of May, 1937, he requested Clara Borowicz to assist him in drafting his will. After the draft was completed, Clara Borowicz, at the request of Walter K. Cytacki, took the instrument next door to the residence of Mr. and Mrs. Radwanski and requested them to sign it. While the Radwanskis were signing the will, Walter K. Cytacki remained in the house where he was living. The houses are separated by a driveway and the distance between them is about nine feet. When Clara Borowicz returned with the purported will, her uncle, Walter K. Cytacki, was standing on the back porch of the house in which he lived. When the purported will was signed by Walter K. Cytacki, neither of the witnesses were present, nor was the purported testator present when the witnesses signed the will.
The trial court held in favor of the will. In the case at bar there is no claim of incompetency, fraud or undue influence. Nor is there any question about the testator signing the purported will.
It is the claim of contestant that the purported will of the deceased was not executed, attested and witnessed in the presence of the testator as required by the statute relative to the execution of wills.
Section 13482, 3 Comp. Laws 1929 (Stat. Ann. § 26.1065), provides:
"No will made within this State, except such nun-cupative wills as are mentioned in the following section, shall be effectual to pass any estate, whether real or personal nor to charge or in any way affect the same, unless it be in writing and signed by the testator or by some person in his presence, and by his express direction, and attested and subscribed in *Page 558 
the presence of the testator by two or more competent witnesses."
The statute does not require that the testator shall subscribe to the will in the presence of the attesting witnesses, In re Dougherty's Estate, 168 Mich. 281 (38 L.R.A. [N. S.] 161, Ann. Cas. 1913B, 1300). In Re Lane's Estate,265 Mich. 539, we held the signing of witnesses in an adjoining room within call of the testator was sufficient under the circumstances; and in Re Kahl's Estate, 278 Mich. 561, we held that under 3 Comp. Laws 1929, § 13482 (Stat. Ann. § 26.1065), relative to the execution of a valid will, an unbroken supervising attesting attention of the subscribing witnesses is essential to give validity to a will regardless of the order of signing by the testator and witnesses.
In Cook v. Winchester, 81 Mich. 581,590 (8 L.R.A. 822), we said:
"In the definition of the phrase 'in the presence of' due regard must be had to the circumstances of each particular case, as it is well settled by all the authorities that the statute does not require absolutely that the witnessing must be done in the actual sight of the testator, nor yet within the same room with him. If, as before shown, they sign within his hearing, knowledge and understanding, and so near as not to be substantially away from him, they are considered to be in his presence."
In the case at bar, the deceased, Walter K. Cytacki, remained in his own home while the scrivener took the instrument to an adjoining house and there at her request the signatures of the witnesses were obtained to the instrument. It is also to be noted that the testator did not accompany the scrivener to the home of the witnesses, although able to do so. The witnesses neither saw or talked to testator at the time *Page 559 
of the signing, nor do we find that at any time did testator acknowledge to the witnesses that the instrument was his will.
Under the circumstances in this case it was physically impossible for the testator to see, hear or know what was said or done in the adjoining house during the witnessing. In our opinion, the witnessing was not done in the "presence of the testator" within the meaning of that term as required by statute.
The judgment is reversed and the cause remanded to the probate court for further proceedings. Contestant may recover costs.
BUSHNELL, C.J., and POTTER, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.