HAY v. LeBUS.

1. APPEAL AND ERROR—AMENDMENT OF MOTION TO DISMISS.
　　On appeal in chancery case from decree granting motion to dismiss bill, record may be corrected by amendment or amplification of motion in Supreme Court (Court Rule No. 72, § 3 [1945]; 3 Comp. Laws 1929, §§ 14144, 14146).

2. WILLS—SPENDTHRIFT TRUST—APPROVAL.
　　Settlement agreement by means of which persons, presently the heirs at law of testator whose will provided for spendthrift trust, seek to effect a materially different disposition of the assets than will, was properly denied approval by trial court where effect, in all probability, would be to deprive unborn heirs of right to participate in ultimate distribution of estate as testator intended, was contrary to spendthrift provisions and was not just and reasonable (Act No. 288, chap. 2, §§ 45-49, Pub. Acts 1939).

3. APPEAL AND ERROR—MOTION TO DISMISS—HEARING ON MERITS.
　　Decree dismissing bill of complaint will not be reversed on appeal merely to afford appellants a hearing on the merits where they would not be benefited by such hearing.

4. WILLS—SETTLEMENT AGREEMENTS—STATUTES.
　　Provisions of probate code pertaining to settlement agreements as to probation or construction of wills was not intended to nullify the right of a testator to make binding provisions as to the legal disposition of his estate, and except as some justifiable reason appears, such provisions are not operative (Act No. 288, chap. 2, §§ 45-49, Pub. Acts 1939).

5. TRUSTS—SPENDTHRIFT TRUSTS—SETTLEMENT AGREEMENTS.
　　Provisions of will vesting title to trust property in trustee with power to convert, invest, reinvest, manage, collect income and pay to beneficiaries, who cannot assign or dispose of their interest therein, created active trust having all es-

sentials of valid spendthrift trust, which court is without power to terminate by approval of settlement agreement between heirs pursuant to provisions of probate code pertaining to agreements as to probation or construction of wills (Act No. 288, chap. 2, §§ 45–49, Pub. Acts 1939).

6. SAME—PURPOSE—TERMINATION.

Although a trust may not have ceased by expiration of time, and although all its purposes may not have been accomplished, yet if all the parties who are or may be interested in the trust property are in existence, and *sui juris*, and if they all consent and agree thereto, and if there is no ultimate purpose requiring its continuance, courts of equity may decree the determination of a trust and the distribution of the trust fund among those entitled.

7. SAME—DEFEAT OF PURPOSE BY EARLIER TERMINATION.

If it appears that the creator of a trust had in view a valid purpose which may be defeated by a termination thereof before the time set by him, termination will not be decreed so long as the purpose is capable of being accomplished.

8. WILLS—FUTURE CONTINGENT INTERESTS—GUARDIANS—COURTS.

In a contest of matters arising incident to the probation of a will under which future contingent interests might arise, the duty rests upon the guardian and the court to see that no such interest be utterly extinguished unless it is insubstantial.

9. SAME—SETTLEMENT AGREEMENTS MUST BE JUST AND REASONABLE.

Under provisions of probate code pertaining to settlement agreements in good-faith controversies relating to wills, plaintiffs seeking approval of such an agreement have the burden of establishing, and the court must find, that such agreement is just and reasonable (Act No. 288, chap. 2, § 47, Pub. Acts 1939).

10. APPEAL AND ERROR—SIMULTANEOUSLY SUBMITTED CASES—PRIORITY OF DECISION.

Plaintiffs in suit to obtain approval of settlement agreement between present heirs at law of testator who had established a spendthrift trust had no vested right as to priority of decision where suit to construe will to determine who were heirs of testator, as term was used in will, had been commenced in, and decided by, trial court before instant case although the two cases were submitted simultaneously in Supreme Court.

Appeal from Saginaw; Holland (Robert T.), J. Submitted January 9, 1946. (Docket No. 42, Calendar No. 43,230.) Decided May 16, 1947.

Bill by Jane Burt Hay and others against Bertha LeBus and others to have a settlement of controversies in estate of Wellington R. Burt, deceased, approved. Motion to dismiss by trustees under the will granted. Plaintiffs appeal. Bertha LeBus and other defendants cross-appeal. Affirmed.

*Miller, Canfield, Paddock & Stone (Edward S. Reid, Jr.,* of counsel), for plaintiff Jane Burt Hay and others.

*Hill, Hamblen, Essery & Lewis (Sherwin A. Hill* and *Charles E. Lewis,* of counsel), for plaintiffs Hutchings and del'Strother.

*Hamilton & Sigler (Burritt Hamilton,* of counsel), for plaintiff Wellington R. Burt and Scheuch.

*Waldo C. Granse,* for plaintiff Wellington Burt Hay and others.

*Sempliner, Dewey, Stanton & Honigman (Abram W. Sempliner,* of counsel), for plaintiff Mary Bell Burt and others.

*Sepliner, Dewey, Stanton & Honigman (William M. Sempliner,* of counsel), for guardian of certain minors.

*Franklin D. Hepburn, in pro. per.,* and attorney for guardian of certain minors.

_Thomas G. Long, William C. O'Keefe_ and _Gilbert A. Currie,_ for defendant trustees.

NORTH, J. Plaintiffs herein filed a bill in the circuit court in chancery, Saginaw county, in which they sought to have the court decree approval of a settlement agreement entered into in 1943 by parties claiming to be heirs to the estate of Wellington R. Burt, deceased. The testamentary trustees under the Burt will, being defendants, filed a motion to dismiss the bill of complaint. After hearing the motion the trial court decreed dismissal of the bill of complaint. Plaintiffs and certain defendants have appealed, claiming the trial court should have retained jurisdiction and heard the case on its merits.

Much of the factual background of the instant case appears in our opinions in _Hay_ v. _Hay, ante,_ 370, and herein referred to as the _Hay Case._ Wellington R. Burt died testate in 1919. By his will he left his estate, amounting to several million dollars, in trust, providing therein for numerous annuities. Provision for final distribution of decedent's estate was made in paragraph 20 of his will in the following words:

"The trust herein created shall continue for and during the period of the lives of my two grandsons, Wellington Burt Hay and Wellington R. Burt. Upon the death of the last survivor of these two grandsons, all the real estate remaining in the trust shall be distributed among my legal heirs, but all personal property shall continue in the trust for 21 years after the death of my last surviving grandchild that shall be living at the time of my death, and shall be subject to the terms and conditions hereinbefore set forth. At the end of 21 years

after the death of my last surviving grandchild that shall be living at the time of my death, the trust shall terminate and all the funds of every name and nature remaining in the trust shall be distributed to my legal heirs."

By our decision in the *Hay Case* it was adjudicated that the expression "my legal heirs" in the quoted paragraph was intended by the testator to mean and in law does mean those persons who will be the legal heirs of Wellington R. Burt at the time of the respective distributions of his estate, *i.e.*, at the termination of the respective trusts; as contradistinguished from the persons who were the "legal heirs" of Wellington R. Burt at the time of his death.

In 1943, all the persons in being who then constituted the heirs at law of Wellington R. Burt, deceased, entered into a so-called settlement agreement which, among other things, provided for a present distribution of $6,000,000 of the assets of the estate "among the present legal heirs of Wellington R. Burt, deceased." After the instant suit was commenced the court appointed guardians *ad litem* in behalf of all infants, incompetent, unborn and unascertained persons who might ultimately have an interest in the Burt estate, and of all inalienable estates or future contingent estates or interests which might be affected by the settlement agreement, if approved by the court. The guardians *ad litem* so appointed filed a report in which they expressed approval of the proposed settlement agreement. On the other hand, the defendant testamentary trustees opposed approval of the proposed settlement agreement, and incident thereto made the motion to dismiss the bill of complaint. As above noted, from the granting of that motion this appeal was taken.

A copy of the will and codicils and of the proposed settlement agreement, attached to plaintiffs' bill of complaint, were before the court on the hearing of the motion to dismiss. For present purposes it is sufficient to note that the settlement agreement contained the following:

"That the trustees under the main trust shall file their final account as trustees, and, without unnecessary delay will proceed under appropriate orders of the probate court for the county of Saginaw, State of Michigan, to carry out and perform the following acts, to wit:—

"(A) $1,000,000 shall be set aside and held in trust by said second parties (the testamentary trustees) and their successors as trustees for the purpose of paying the annuities provided in the will. * * *

"(B) $2,000,000 shall be set aside and be held in trust by said second parties and their successors as trustees, with income to be accumulated, to the expiration of the time provided in the Wellington R. Burt will for termination of the personal property trust * * * and then to be distributed to the heirs of Wellington R. Burt, deceased, such heirs to be ascertained as of the time of distribution, the distribution to be per stirpes.

"(C) $6,000,000 to be divided and distributed among the present legal heirs of Wellington R. Burt, deceased, per stirpes, being $1,000,000 per family.

"(D) The balance of the then remaining assets of the estate of Wellington R. Burt, deceased, shall be distributed in equal shares per stirpes to the great grandchildren of Wellington R. Burt in being at the time of distribution and to the then surviving issue of deceased great grandchildren of Wellington R. Burt, deceased."

The action of the parties concerned looking to the consummation of the proposed settlement agree-

ment was taken under Act No. 288, chap. 2, §§ 45–49, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 16289–2 [45]–16289–2 [49], Stat. Ann. 1943 Rev. §§ 27.3178 [115]–27.3178 [119]). This statute is frequently referred to as the ''Dodge act,'' but is now part of the probate code. In accordance with the requirement of the statute, by the instant suit plaintiffs sought to submit the proposed settlement agreement to the circuit court in chancery of Saginaw county for approval thereof and the authorization and direction of its execution by the guardians *ad litem* and the testamentary trustees. In their motion to have plaintiffs' bill of complaint dismissed the trustees assigned various reasons. Regardless of its not having been literally assigned as a specific ground of dismissal, the record satisfies us that on the hearing of the motion there was presented to the trial judge and considered by him appellees' claim that approval of the settlement agreement would result in a distribution of the Burt estate which was contrary to the terms of the Burt will and would in all probability deprive unborn heirs of Wellington R. Burt of their right to participate in the ultimate distribution of his estate as provided in the testamentary trust. By our decision in the *Hay Case* it has been adjudicated that such heirs have under the will the right of participation in the final distribution of the assets of the Burt estate.

That the above phase of this controversy, although not literally set forth as a reason in support of the motion to dismiss, was before the court is convincingly disclosed by the following. As before noted there was attached to the bill of complaint a copy of the Burt will and codicils, and a copy of the proposed settlement agreement. And attached to the motion to dismiss was an affidavit of one of the two guardians *ad litem* appointed to represent the

interests of infants, incompetent, unborn and unascertained persons, et cetera, in the above noted *Hay Case,* and by reference there was made a part of that affidavit an extensive brief covering the issue of appellants' right to have the proposed settlement agreement judicially approved. And further, that this issue was considered and made a basis of the decision of the trial judge is indicated by the following from his opinion:

"To the court, the serious questions are whether the Dodge act (evidently alluding to its reenactment in substance in Act No. 288, Pub. Acts 1939, above cited) or the common law authorizes the court at this time to take from the heirs of Mr. Burt living at the expiration of 21 years from the death of the last surviving grandchild living at the testator's death a substantial portion of the estate created for them by Mr. Burt. Possibly there are some now living who will participate in that division. In human probability, most of them will be gone, and many of them have not yet come into being. It goes against the conscience to pass upon the rights of these unborn and unascertained heirs at this time."

We are not impressed with appellants' contention that the trial judge "found nothing in the motion to justify dismissal." Since the phase of the case on which the trial judge based his determination was definitely submitted to and considered by him, we are not disposed to be overtechnical by holding that the motion to dismiss should have been denied because the real reason upon which the trial judge based his conclusion was not too clearly set forth in the reasons assigned in support of the motion. If deemed at all advisable, the record in that respect in this chancery appeal might well be corrected by amending or amplifying the motion even in this

Court. See Court Rule No. 72 (1945) ; 3 Comp. Laws 1929, §§ 14144, 14146 (Stat. Ann. §§ 27.838, 27.840) ; *Charlet* v. *Teakle,* 197 Mich. 426 ; *St. Cecelia Society* v. *Universal Car & Service Co.,* 213 Mich. 569.

Nor can we overlook the fact that prior to decision of the motion to dismiss in the instant case, it had been decided in the *Hay Case* in the trial court that appellants herein were not the heirs at law designated in the will of Wellington R. Burt. In concluding his opinion on the motion to dismiss, the circuit judge said:

"However, it is the court's conclusion that Judge O'Neill, a co-ordinate judge of this court, having dismissed the so-called construction suit, nothing is left to settle, that the proposed settlement agreement not having been entered into by the legal heirs of Mr. Burt within the meaning of his will nor by his trustees is a nullity and an order may be entered dismissing the bill."

From the record before the circuit judge and before us it clearly appears that the disposition which appellants seek to have made of the assets of the estate of Wellington R. Burt, deceased, is materially different from that provided in his will. Subject to modification by a settlement agreement entered into in 1920 and approved by the court, the Burt will has been admitted to probate, and since 1920 the trust estate has been administered in accordance with the will as so modified. As noted above, in the *Hay Case* we have held that the "legal heirs" of Wellington R. Burt, deceased, under the provisions of his will, are his lawful heirs in being at the time of the respective distributions of the trust property. They are the beneficiaries who will ultimately be entitled under the terms of the will to the assets of the Burt estate. But if the proposed settlement agreement were to be approved and followed,

$6,000,000 would be presently taken out of the estate and distributed among appellants, as heirs of Wellington R. Burt, deceased, who are now living. We need not note other deviations from the terms of the trust as fixed in the Burt will. It conclusively appeared from the record before the trial judge that appellants herein sought to nullify in a large measure the will of Wellington R. Burt, deceased, and substitute therefor an agreed disposition of his estate more acceptable to them.

We are mindful of the following contention set forth in appellants' brief:

"Testimony concerning the negotiations through which the adopted plan of settlement was arrived at; testimony of parents and guardians touching the effect of the settlement; testimony concerning the hazards, expense and hardships involved in long and concentrated administration of the fund: these and other factual matters are essential to an informed determination of the questions of justice and reasonableness [of the proposed settlement agreement]."

Notwithstanding the above in support of appellants' claim that they should have had a hearing on the merits, it seems quite impossible, on this record, to escape the fact which convincingly appears by comparison of the proposed settlement agreement and the Burt will, that to approve the settlement agreement and distribute the Burt estate accordingly is to do nothing more or less than to make a new will for Wellington R. Burt, deceased, which in very material respects would alter the disposition he, by his will, made of his estate. Consideration of any or all of the above matters suggested in appellants' brief would not afford a justifiable ground for altering the Burt will as admitted to probate. In the light of this record appellants could not have

benefited by a hearing on the merits, and for that reason they were not prejudiced by the order of the trial court granting the motion to dismiss. Under the circumstances we are not disposed to reverse the trial judge's decree granting appellees' motion to dismiss on the ground urged by appellants, *i.e.*, that they should have had a hearing on the merits of their claim that there was a good-faith controversy and that the proposed settlement was fair and reasonable.

The statutory provision hereinbefore cited was not intended to nullify the right of a testator to make binding provisions as to the disposition of his estate, if within the law. Except some justifiable reason appears, the statute providing for settlement agreements is not operative; and the statute cannot be used to defeat the lawful will of a deceased in the absence of compelling circumstances to the contrary. Decision in the instant case falls within the field of law which controlled decision in *Rose v. Southern Michigan National Bank,* 255 Mich. 275. The legal aspect and factual background of the two cases are strikingly similar. A headnote to the *Rose Case* reads:

"Provisions of will vesting title to trust property in trustee with power to convert, invest, reinvest, manage, collect income and pay to beneficiaries, who cannot assign or dispose of their interest therein, created active trust having all essentials of valid spendthrift trust, which court is without power to terminate by approval of agreement between heirs pursuant to 3 Comp. Laws 1929, §§ 15581–15584 [now in substance embodied in Act No. 288, chap. 2, § 46, Pub. Acts 1939]."

The testamentary trust created in the Burt will contains all the essential characteristics embodied in the above quotation. That, as to those who were

the heirs at law of Wellington R. Burt at the time
of his death, it is a spendthrift trust is definitely
indicated by paragraph 17 of the will which in part
reads:

"In making the foregoing bequests it is my inten-
tion that the amounts herein provided to be paid,
shall be paid directly and only to the beneficiaries
herein named, or their proper guardian, and that
no legal title is passed to them that shall be subject
to garnishee or attachment by creditors, or that
they can make any transfer of, either by order or
assignment, or any other document, which could be
binding upon or accepted by the trustee and execu-
tor. The trustee and executor is not authorized to
pay on any such order or transfer, but the funds
shall remain in the trust, to be paid only to each
beneficiary, or their proper guardian, at the times
stated herein, until they shall cease to be benefici-
aries, according to the terms and conditions herein
provided."

We are mindful of appellants' contention that the
spendthrift provision in the will applies only to the
bequests which precede the provision just quoted;
but those are the only bequests in the will which
pass to the use and enjoyment of the beneficiaries
prior to the termination of the trust and in the
respect noted render the trust created by the will
of the spendthrift type.

We might well rest decision herein on the settled
law of this State as announced in the *Rose Case,*
*supra.* However, we do not intend thereby to imply
that spendthrift trusts are the only type of trusts
which may not be terminated prior to the time fixed
for termination in the trust instrument.

"Although a trust may not have ceased by ex-
piration of time, and although all its purposes may
not have been accomplished, yet if all the parties

who are or may be interested in the trust property are in existence, and *sui juris,* and if they all consent and agree thereto, and if there is no ultimate purpose requiring its continuance, courts of equity may decree the determination of a trust and the distribution of the trust fund among those entitled. But if it appears that the creator of the trust had in view a valid purpose which may be defeated by a termination of the trust before the time set by him the courts will not decree a termination so long as the purpose is capable of being accomplished." 2 Perry, Trusts and Trustees (7th Ed.), § 920.

The last above quoted sentence is applicable to and controlling of decision in the instant case; and this was made to appear on the record before the trial judge at the time of hearing the motion to dismiss. And this latter portion of the above quotation is here applicable notwithstanding our statutory provision for settlement agreements under appropriate conditions. Massachusetts has a statute which as to the phase of law now under consideration is equivalent to our Michigan statute, though in some other aspects the two statutes are dissimilar. In commenting upon the statute the Massachusetts court has said:

"It is hard to see how it (the statute) authorizes interested parties to make a new will for the testator, and thereby to extinguish a devise over after a life estate." *Neafsey* v. *Chincholo,* 225 Mass. 12 (113 N. E. 651).

In another case the Massachusetts supreme court said:

"It is hard to imagine cases where it can be found in judicial proceedings that an agreement is 'just and reasonable * * * in its effect upon any future contingent interests that might arise under' a will which absolutely wipes such interest out of

existence. Yet it hardly seems possible to say as a matter of law that there can be no such cases. The statute does not confer power to make a new will or to render the allowance of a will subject to approval as to the wisdom of its terms by interested parties and the court. That is not its scope. The statute imposes a duty of the most scrupulous care to see that the compromise viewed with reference to the basis for contest, is just and reasonable in all its aspects, including its effect on future contingent interests. This duty rests upon the guardian and particularly upon the court to see that no such interest be utterly extinguished unless it is insubstantial." *Copeland* v. *Wheelwright*, 230 Mass. 131 (119 N. E. 667).

We are in accord with the determination of the trial court both for the reason that as a spendthrift trust the trial court under the circumstances of this case was without power to set it aside and in lieu thereof approve the proposed settlement agreement; and, also, for the reason that on its face the proposed settlement agreement is unfair in that it lifts $6,000,000 out of the corpus of the trust and by that amount diminishes the estate which the Burt will provides should go to the ultimate distributees, whose interests the testamentary trustees are bound to protect and preserve. Such a settlement agreement cannot be "found to be just and reasonable," as the statute (Act No. 288, chap. 2, § 47, Pub. Acts 1939) requires to justify its approval by the court. In consequence of the foregoing it is obvious that nothing could be accomplished in behalf of appellants by reversing the holding of the circuit judge and remanding the instant case for a hearing on the merits.

We have considered each of the other claims presented by appellants, but find in them no ground for reversing the decree of the trial judge dismiss-

ing the bill of complaint. Our holding herein may be summarized as follows: When, as in the instant case, it appears on the face of the bill of complaint and the exhibits made a part thereof that the trust is of the spendthrift type, and further that the proposed settlement agreement will greatly and unjustly minimize a future estate to the detriment of the ultimate beneficiaries, the dismissal of the bill on motion of the trustees who represent such beneficiaries was proper.

Since our decision in the *Hay Case* appellants filed a motion for a rehearing therein and a motion for a reargument in the instant case, stressing therein the following: After the hearing below and the filing of the circuit judge's opinion in the *Hay Case,* but five days before entering the decree appellants made a motion therein for a stay of proceedings which motion does not seem to have been granted. However appellants' subsequent motion for a rehearing was denied. The contention of appellants in their motion for a stay in substance was: "that when the settlement suit (the instant case) was commenced, the causes of action which are the subject of the instant case, were transferred to the settlement cause, and merged therein, making it the forum of paramount jurisdiction." It is now claimed by appellants that their rights were prejudiced by our having decided the *Hay Case* prior to decision in the instant case. The basis of the claimed prejudice is that at the time the alleged settlement agreement was entered into by the interested parties (except the testamentary trustees who would not consent thereto) there was a "good faith" controversy, as required by the statute (Act No. 288, chap. 2, § 47, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289-2 (47), Stat. Ann. 1943 Rev. § 27.3178 (117)]), regarding who were the heirs at

law of Wellington R. Burt, deceased; but by decision in the *Hay Case* prior to decision herein that aspect of appellants' claimed "good faith" controversy was taken from them, and thereby they have been prejudiced in the instant suit. For the following reasons, there is no merit to appellants' contention that they were entitled to decision in the instant case prior to decision in the *Hay Case*:

The bill of complaint in the *Hay Case* was filed February 14, 1941. The bill in the instant case was not filed until July 21, 1943. The *Hay Case* was decided in the trial court prior to decision of the instant case. The two cases were submitted simultaneously in this Court. Under such circumstances appellants have no vested right as to priority of decision. Further, notwithstanding at the time of submitting to the trial court the proposed settlement agreement, appellants relied upon a then pending controversy as to who were the heirs at law of Wellington R. Burt, deceased, they could not prevail solely on that issue. Instead plaintiffs in the instant case had the burden of also establishing that the proposed settlement agreement was "just and reasonable" as provided in the statute last above cited. On the hearing of the motion to dismiss it convincingly appeared that as against the rights of those other than appellants who are represented by the testamentary trustees the proposed settlement agreement was not "just and reasonable." Under such a record the ultimate decision in this equity case could not be otherwise than adverse to appellants, and the trial court was not in error in granting the motion to dismiss. Appellants were not deprived of any right afforded them by the so-called Dodge statute, as now embodied in the probate code, to which citations have been made above.

It may also be noted that the questions pro-

pounded in appellants' brief in the *Hay Case* made no reference to the failure or refusal of the trial court to grant their motion therein for a stay, and under the circumstances that question was not passed upon by our decision in the *Hay Case*. In our judgment the logical method of procedure was to dispose of the *Hay Case* prior to decision of the instant case, because had appellants succeeded in establishing their contention in the *Hay Case* as to who were the heirs at law of Wellington R. Burt, deceased, there would have been little or nothing left for adjudication in the instant case.

The decree entered in the circuit court is affirmed, with costs to appellees.

CARR, C. J., and BUTZEL, SHARPE, and BOYLES, JJ., concurred with NORTH, J. BUSHNELL and REID, JJ., concurred in the result. DETHMERS, J., did not sit.