*In re* DUTTON ESTATE.

1. WILLS—COMPROMISE OF CONTEST—TRUSTS.

   The probate court, or circuit court in chancery, is authorized by statute, setting forth procedure to be followed, to approve and effectuate compromise of "any good faith contest" over the admission to probate of an instrument submitted, but not yet admitted to probate, as a will, irrespective of the presence or absence of trust provisions in such instrument (CL 1948, §§ 702.45–702.48).

2. SAME—JUDGMENT.

   An instrument submitted as a final testament enjoys no legal, as distinguished from evidentiary, worth, unless and until it is authenticated by judgment.

3. SAME—CONTEST—EVIDENCE—STIPULATIONS—COMPROMISE.

   The actual existence of a genuine contest or controversy should be proved, as distinguished from stipulated, in order to entitle a probate court, or a circuit court in chancery, to approve a compromise agreement relative to a proposed will (CL 1948, §§ 702.45–702.48).

4. SAME—CONTEST—COMPROMISE—JURISDICTION.

   The circuit court does not have jurisdiction on statutory certification of a controversy from the probate court to hear and determine a statutory petition for approval of compromise of a certified contest of a will, the jurisdiction therefor belonging either to the probate court or to the circuit court in chancery (CL 1948, §§ 701.36, 701.45 *et seq.*).

5. COURTS—JURISDICTION—DISMISSAL OF PETITION WITHOUT PREJUDICE—COSTS.

   Statutory petition for relief which has been filed in the wrong court is denied without prejudice to submission thereof to court having jurisdiction and without prejudice to determination thereof as to merit, costs of the Supreme Court to abide final determination of the petition.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 57 Am Jur, Wills § 995 *et seq.*
[5] 14 Am Jur, Courts § 159 *et seq.*

Appeal from Ottawa; Smith (Raymond L.), J. Submitted October 9, 1956. (Docket No. 58, Calendar No. 46,961.) Decided December 6, 1956.

R. D. Matheson presented proposed will and codicil of Laura S. Dutton for probate. Objections filed by Laura Burgess, Georgianna Gallagher, George L. Schwab and Mattie Schwab. Compromise agreement entered into and case certified to circuit court where petition was made for approval. Proponent sought denial of approval because of spendthrift trust provisions in will. Petition dismissed. Contestants appeal. Remanded for order to enter dismissing petition but without prejudice to future application for approval in probate court or in circuit court in chancery.

*C. Vander Meulen* (*Clarence A. Lokker,* of counsel), for proponent.

*Rosemary Scott,* for contestants Burgess and Gallagher.

*Harold M. Street,* for contestant George Schwab.

BLACK, J. The so-called Dodge act of 1921 (PA 1921, No 249, now re-enacted and superseded by part of the probate code, CL 1948, §§ 702.45–702.48 [Stat Ann 1943 Rev §§ 27.3178(115)–27.3178(118)]), authorizes compromise and adjustment "of *any* good faith contest of the admission to probate of *any* instrument propounded as the last will and testament of any decedent." The question brought here is whether such enactment—assuming its procedural requirements be met—authorizes compromise and adjustment of pending contest upon admission to probate of that which has been submitted as Laura S.

Dutton's last will and testament.* For convenience, we shall henceforth refer to above portions of the probate code as "the act of 1921."

The instruments so propounded, if ultimately admitted to probate, include spendthrift provisions which for present purposes duplicate those considered in *Rose* v. *Southern Michigan National Bank,* 255 Mich 275; and *Hay* v. *LeBus,* 317 Mich 698. Appellants say *Rose* and *Hay* do not govern the presented question. Appellee says they do. We proceed:

Following due submission of such instruments for probate, 4 heirs of the decedent filed notices of contest. They assign mental incapacity of the decedent, undue influence in procurement, and failure of attestation according to statutory requirements. The issue so made by petition for probate and the respective notices of contest was duly certified to the circuit court for trial. The circuit judge tells us:

"At the time of the execution of the will and codicil testatrix was under the jurisdiction of the Ottawa probate court as a mental incompetent. Evidently this guardianship proceeding served as the basis for contesting the will and codicil. * * *

"Prior to trial all those named in the will and codicil, either in person or by legal representatives duly appointed, entered into a compromise and settlement in which the estate of Laura S. Dutton was divided according to a formula duly arrived at by the parties and their representatives, with provision for subsequent undetermined heirs. R. D. Matheson, nominated to be executor and trustee in the will, and proponent of the will and codicil refused to enter in the settlement and compromise and further opposed it before the court at the time it was noticed for hearing under the provisions of CL

---

* The instruments submitted as Mrs. Dutton's final testament consist of that which as to form is a will dated April 7, 1950, and that which as to form is a codicil dated July 6, 1950.

1948, § 702.45 (Stat Ann 1943 Rev § 27.3178[115]), the so-called Dodge act.

"The court is of the opinion that there is a good-faith controversy on the issue of the capacity of the testatrix; that the provisions of the will create a spendthrift trust; and that the provisions of the compromise and settlement are fair and equitable under all the circumstances."

On this finding of fact the circuit judge ruled that *Rose* controls and that compromise of the contest as petitioned below could not be made. An order "dismissing petition for order to compromise and settle will contest" was thereupon entered, from which the disappointed petitioners appeal to this Court.

*First: Rose* at first glance settles the question before us. A second and more careful glance, however, taken at *Rose* and *Hay* together, discloses that the chancery court in each instance was dealing with a testamentary instrument which had been duly adjudged as the testator's last will and testament, whereas the instruments propounded here have not as yet "passed the ordeal of probate." It is entirely possible, if the presently certified will contest goes to final judgment, that such instruments as are here propounded may be judged void, spendthrift provisions and all. The distinction just made is factual and pivotal, and it serves to place *Rose* in its proper setting with *Hay*.

In each—*Rose* and *Hay*—the Court considered and denied power under the act of 1921 to authorize agreed modification of trust provisions *contained in an adjudged testament*. The 2 cases are fact-twins in such respect. Indeed, and upon opening of discussion of *Rose* with view toward application thereof to *Hay*, this Court said: "The legal aspect and factual background of the 2 cases are strikingly similar." (*Hay* v. *LeBus, supra,* p 708 of report.)

Furthermore, and as a four-corner examination of *Rose's* opinion will fully disclose the Court referred to and treated the *Rose* will as a finally adjudged testament and, on that premise, proceeded to hold that equity had no power to terminate the trust created by such will.[*] That such was this Court's intended ruling is shown by the concluding decretal command that the trust naming Southern Michigan National Bank as trustee "must be executed by the trustee *as provided in the will*."

*Rose* and *Hay* do not, foregoing premises considered, control the question before us. It may rightly be stated this way: Regardless of presence or absence of trust provisions in an instrument submitted for but not yet admitted to probate, is the probate court (or court of chancery) authorized by the act of 1921 to approve and effectuate compromise of a good faith pending contest over admission of such instrument to probate? The answer to such question must be "yes."

I repeat that the act authorizes compromise of *"any* good faith contest" upon admission to probate of *"any* instrument" propounded as a last will. This is plain talk. We have no right to water its stock by presently urged interpretation, there being no words of intent, in any part of the act, that presence, in the instrument under contest, of spendthrift trust provisions shall constitute an exception to the "any instrument" scope thereof. We must give plenary effect to plenary language, and therefore hold that the legislature intended just what the quoted words import, that is, authority to compromise *any* good faith pending contest, against admission of *any* pro-

---

[*] The fact that the reported case (255 Mich 275) was a proceeding in chancery to bring about approval of a compromise agreement under the act of 1921, following due admission to probate of the instrument theretofore in contest, is emphasized.

pounded instrument *testamentum,* according to procedure set up in the act.

Distinction between an instrument burdened with contest, and a testament already admitted to probate, has already been made.   Such distinction stems from the uncertainty of validity in the one instance and the fact of  adjudicated effect in the other.   An instrument submitted as a final testament enjoys no legal, distinguished from evidentiary, worth unless and until it is authenticated by judgment.   The reason, given in *Allison* v. *Smith,* 16 Mich 405, 429, is that it cannot be told whether the instrument—trust provisions and all—is void or not until it has "passed the ordeal of probate."

Let us suppose, by way of concluding thought, that actual trial of an expectably long will contest discloses grave and early question of forgery, or reveals at least a jury question whether the supposedly attesting witnesses did affix their signatures in presence of the decedent.   Are we to say under this purposeful and remedial statute that the trial judge must nevertheless order the contest to proceed its wearying way to expensive final result, over protest and against wish of all interested parties voiced by motion for mistrial to permit compromising petition in probate court, merely because the instrument so in jeopardy contains provision for spendthrift control of trust funds?   I think the act gives us negative answer, and that *Rose* and *Hay* do not oppose.

We conclude, in this instance of a yet unproved, and honestly contested, instrument, that the statute authorizes compromise and adjustment as sought by the appellant petitioners provided requisites of such statute are duly followed, and that the right way to protect the apparent testamentary wishes of those who have passed beyond is to admonish our probate courts, and our circuit courts in chancery, toward affirmative insistence, when the Dodge act is invoked,

on establishment by proof, distinguished from stipulation, that a genuine contest or controversy actually exists. Compare *In re Marxhausen's Estate,* 247 Mich 192.

*Second:* The record in this case shows that the petition for approval of proposed compromise agreement was made to the law side of the circuit court in the proceeding certified there under chapter 1, § 36 of the probate code (CL 1948, § 701.36 [Stat Ann 1943 Rev § 27.3178(36)]). Under said section 36 the jurisdiction of the circuit court to which certification is made is appellate and special (*In re Reid's Estate,* 248 Mich 360; *In re McLouth's Estate,* 290 Mich 311), and such court is without jurisdiction to hear and determine a statutory petition for approval of compromise of the certified contest. That function belongs either to the probate court, "or to the circuit court in chancery of the proper county," under sections 2, 3 and 4 of the act of 1921 (chapter 2, §§ 46, 47 and 48 of the probate code [CL 1948, § 702.-46 *et seq.* (Stat Ann 1943 Rev § 27.3178[116] *et seq.*)]). To remedy this situation an order will enter in the circuit court providing for dismissal of the pending petition without prejudice to submission thereof either to the probate court or to the circuit court in chancery and without prejudice to determination thereof by either as to merit.

Remanded for entry of order accordingly. Costs of this Court will abide final determination of such petition for compromise.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, KELLY, and CARR, JJ., concurred.

BOYLES, J., did not sit.