# IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF CHARLES F. SEABROOK, DECEASED.

**Superior Court of New Jersey**
**Chancery Division**

Decided March 29, 1966.

554

*Mr. William F. Hyland* for plaintiffs Camden Trust Company, Donald G. McAllister, Clarence B. McCormack, Robert A. Sidur and Leo P. Dorsey (*Messrs. Hyland & Reberkenny,* attorneys).

*Mr. Grover C. Richman, Jr.* for proponent Samuel P. Orlando (*Messrs. Richman, Berry & Ferren,* attorneys).

*Mr. Samuel P. Orlando,* attorney *pro se* and for all proponents.

*Mr. Alfred C. Clapp* for defendant John M. Seabrook (*Messrs. Clapp & Eisenberg,* attorneys).

*Mr. David L. Horuvitz* for defendants Belford L. Seabrook and Charles F. Seabrook, II.

*Mr. Sidney P. McCord, Jr.* for defendant C. Courtney Seabrook (*Messrs. McCord, Farrell, Eynon & Munyon,* attorneys).

*Mr. Laurence L. Crispin* for defendant Norma Dale Seabrook.

*Mr. Isaac I. Serata* for co-Administrator *pendente lite* Robert H. Weber.

*Mr. Keron D. Chance* for defendants The Board of Education of Upper Deerfield Township and Deerfield Presbyterian Church.

*Mr. Robert B. Meyner* for defendant Princeton Theological Seminary (*Messrs. Meyner & Wiley,* attorneys).

*Mr. Russell S. Henderson* for defendant Bridgeton Hospital Association.

*Mr. Thomas N. Bantivoglio* for defendant Westminster Choir College (*Messrs. Archer, Greiner, Hunter & Read,* attorneys.)

*Mr. Joseph A. Hoffman,* Assistant Attorney General, for the State (*Mr. Arthur J. Sills,* Attorney General).

WICK, J. S. C. This matter is presently before the court on an application for a declaratory judgment declaring that the caveators in this will contest and the charitable beneficiaries named in the alleged will of Charles F. Seabrook have the right to resolve their differences amicably with the approval of the court, even though plaintiffs, the named executors and trustees under said will and codicil, object.

On October 20, 1964 Charles F. Seabrook died, leaving an alleged will dated December 2, 1958 and an alleged codicil dated July 2, 1959 wherein he appointed the plaintiffs his executors and trustees. On October 30, 1964 caveats against the probate of any writing purporting to be the last will of Charles F. Seabrook were filed in the Cumberland County Surrogate's office by decedent's sons, John M. Seabrook, C. Courtney Seabrook and Belford L. Seabrook, and decedent's

grandson, Charles F. Seabrook, II. The caveators complain that the alleged will and codicil of decedent is the product of undue influence and fraud and was not executed in accordance with the statutory requirements for the execution of wills. The caveators further allege that decedent, at the time of the execution of the alleged will and codicil, lacked sufficient mental capacity to make a will.

Thereafter, plaintiffs in the present action filed a complaint seeking probate of said will and codicil in this court. Defendants' answers adopted the same positions as set forth in their caveats filed in the surrogate's court.

After much negotiation it has been represented that a compromise has been reached, but the executors and trustees refuse to join in the compromise agreement. Therefore, the present motion has been presented to the court. The charitable beneficiaries have stated that they take no position in the present motion.

Plaintiffs contend that the settlement, as advanced, is uncertain. This court is of the opinion that a specific settlement has not yet been presented to it. The aim of the present motion is to determine whether the caveators and beneficiaries have the right to compromise the will contest over the objections of the executors and trustees named in the will and codicil. If this court determines that the consent of the trustees and executors is not necessary, the compromise will be examined by the court before approval is given. This does not mean that the caveators are given blanket authority to compromise the action. The merits of any compromise will be closely scrutinized before approval is given.

Plaintiffs contend that until a specific compromise is presented to the court for approval the matter is not ripe for declaratory relief. It is true that the Declaratory Judgments Act cannot be used to decide or declare the rights or status of parties upon a state of facts which are future, contingent and uncertain. The act is not to be used to obtain advisory opinions. *Lucky Calendar Co. v. Cohen,* 20 *N. J.* 451 (1956). The settled policy of the law is to refuse an

advisory opinion and to refrain from functioning in the abstract in a declaratory judgment action. *Wagner v. Ligham,* 37 *N. J. Super.* 430 (*App. Div.* 1955). However, the Declaratory Judgments Act is remedial in nature and should be liberally construed. *N. J. S.* 2A:16–51; *New Jersey Bankers Ass'n v. Van Riper,* 1 *N. J.* 193 (1948). The decision whether to award declaratory relief is ordinarily a matter resting in judicial discretion. *Utility Blade and Razor Co. v. Donovan,* 33 *N. J. Super.* 566 (*App. Div.* 1955). In the instant case this court cannot disregard the fact that the amount the charitable beneficiaries will realize under the alleged will is subject to the discretion of the trustees, who were given broad powers to alter the proportions of the charitable trusts allocated to the charities, even to the extent of terminating the trusts and allocating the *corpus* to any qualified New Jersey charity. This court is not so naive that it fails to realize the real possibility that the charitable beneficiaries have apprehensions about joining in the present motion until it is determined that a compromise may be reached without the approval of the trustees. This court can believe that the charitable beneficiaries have a genuine fear that in joining the compromise over the objection of the trustees they may incur the wrath of the trustees, who have such wide discretion in administering the trust to which they are beneficiaries, and that should the court find that the executors and trustees are necessary parties to the settlement, the hard feeling engendered by their joining in the compromise could affect the exercise of discretion by the trustees. This may not be true. Perhaps the fact that the charitable beneficiaries join in the proposed compromise will not affect the trustees' exercise of discretion, but this court feels that a genuine fear of this possibility is the reason why the charitable beneficiaries have stated that they take no position in the present motion. Accordingly, this court, in the exercise of its discretion feels that the matter is appropriate for declaratory relief. Certainly, if a compromise is reached and approved, there will never be a need for trial and the con-

troversy will be terminated. Settlement of litigation ranks high in public policy. *Liguori v. Allstate Ins. Co.,* 76 *N. J. Super.* 204 (*Ch. Div.* 1962); *Jannarone v. W. T. Co.,* 65 *N. J. Super.* 472 (*App. Div.* 1961); *Judson v. Peoples Bank and Trust Co.,* 25 *N. J.* 17 (1957). An agreement made to forestall pending litigation and a family dispute has a goal which is considered with high favor by the courts. *De Caro v. De Caro,* 13 *N. J.* 36 (1953); *Michalski v. Michalski,* 20 *N. J. Super.* 258 (*Ch. Div.* 1952).

Plaintiffs argue that to allow the caveators to prevail will result in a waste of time in a matter that has already been delayed too long, for the fact remains that no agreement exists. This court does not share plaintiffs' pessimism, for it feels that a compromise has been reached, but due to the fear of the charitable beneficiaries of incurring the wrath of the trustees they have not joined in the present motion, and for this reason the agreement has not been presented to the court. This court would not change its position even if it felt that no agreement had yet been reached. It must be borne in mind that approximately 15 attorneys are involved in this will contest. This court appreciates the difficulties in scheduling settlement conferences and the time that has been consumed in finding times at which the various attorneys could sit down and attempt to compromise the controversy. This court can think of nothing that would be a greater waste of time than to have the parties discuss and agree to a compromise, only to have this court refuse to approve it because the trustees and executors refuse to join in the compromise. Accordingly, this court finds that the matter is ripe for declaratory relief. This court disagrees with plaintiffs' interpretation of the case of *First Camden National Bank & Trust Co. v. Hiram Lodge No. 81,* 134 *N. J. Eq.* 303 (*Ch.* 1944). The holding of that case was that Chancery lacked jurisdiction to rule on the validity of the compromise, not because an actual compromise was not shown to exist, but because the Orphans' Court was the proper tribunal to determine the controversy. Moreover, in the instant case the discretionary trust provisions make it

imperative that the present motion be decided before an actual compromise is presented to the court for approval.

Plaintiffs also contend that a party cannot seek a declaratory judgment on motion, as caveators attempt to do in the present case. It is true that *R. R.* 4:92A provides that "The procedure for obtaining a declaratory judgment pursuant to *N. J. S.* 2A:16–50 to 62, inclusive, shall be in accordance with the rules governing civil actions generally, * * *," and that *R. R.* 4:3–1 provides that "A civil action is commenced by filing a complaint with the court." Were this an original action being commenced, this court might find plaintiffs' position to be meritorious. However, the present motion for declaratory judgment is merely an adjunct to the main proceeding, the will contest. All interested parties are in court, having been properly notified of the pendency of the motion and its reargument. In fact, all parties were given opportunity to file briefs. This court holds that since all the parties were properly in court in the will contest, and all parties were duly notified of the pendency of the present motion, which is an adjunct of the main proceeding, and were given opportunity to file briefs on the present motion, the matter is properly before the court even though it was not commenced by the filing of a specific complaint.

The question of whether a will contest can be compromised without the approval of the executor and trustee has never been decided by a New Jersey court. The statement in the case of *First Camden National Bank & Trust Co. v. Hiram Lodge No. 81, supra,* that executors have no standing to enforce the charitable trusts and bring into question the validity of the compromise agreements was *dictum,* and would be inapplicable to the present controversy because the court expressly reserved the question of the rights of the trustee to contest the validity of the compromise.

*N. J. S.* 3A:14–1 permits a fiduciary to compromise any claim stated in *N. J. S.* 3A:14–2. *N. J. S.* 3A:14–3 requires all the terms and conditions of a compromise submitted to the court for approval to be set forth in a writing

to which the fiduciary is a party. This court feels that the trustee is a necessary party to a compromise; however, this court further feels that it can compel the trustee to affix his signature to the agreement. The trustees have no beneficial interest in the estate and are a necessary party only because of their legal title as trustee. "In a proper case the court has power to compel a trustee to execute a compromise agreement." *Rose v. Southern Michigan Nat'l Bank,* 255 *Mich.* 275, 238 *N. W.* 284, 286 (*Sup. Ct.* 1931). The court there held that the compromise agreement in question could not be approved because the will created a spendthrift trust. This holding was later distinguished by the fact that the will in the *Rose* case had already been admitted to probate. *In re Dutton's Estate,* 347 *Mich.* 186, 79 *N. W.* 2*d* 608, 610 (*Sup. Ct.* 1956). The distinction between a testamentary instrument that had been duly adjudged as the testator's last will and testament and one that had not as yet "passed the ordeal of probate" was deemed to be factual and pivotal because of the possibility that the entire will, including the spendthrift provisions, might be deemed void and ineffectual. *Ibid.,* at *p.* 610, 79 *N. W.* 2*d* 608. The *Dutton* court therefore approved the compromise which it was convinced was fair and equitable even though the alleged will contained spendthrift provisions, despite the fact that the executor and trustee refused to enter the settlement and opposed it before the court.

A court may issue an order requiring the trustees to sign a compromise agreement, which order the trustees can only avoid complying with by resigning as trustees. *Merkel v. Long,* 368 *Mich.* 1, 117 *N. W.* 2*d* 130, 137 (*Sup Ct.* 1962). It is true that in *Merkel* the trustees objected to the compromise because of their fear that by signing it they might be exposed to personal liability, and the court ordered their signatures only after the compromise was amended to absolve them from personal liability. However, the court concluded by stating that once the agreement was so amended, the trustees could have no sound objection to signing, and that

an order could be issued requiring their signatures, compliance with which the trustees could only properly avoid by resignation as trustees. *Ibid.*, at *p.* 137.

In *Budin v. Levy,* 343 *Mass.* 644, 180 *N. E. 2d* 74 *(Sup. Jud. Ct.* 1962), a decree ordering the distribution of the decedent's estate, free of trust in accordance with the provisions of a compromise agreement, was upheld despite the fact that the executor and trustees had not signed the compromise agreement and the executor was the party appealing the decree of distribution. In so holding the court stated that "before the allowance of a will a trust may be changed or even eliminated by a compromise otherwise valid and approved by the court." *Ibid.*, at *p.* 77.

Plaintiffs attempt to distinguish the Michigan statute concerning compromise from *N. J. S.* 3A:14–1 *et seq.* on the ground that the Michigan statute requires the signature of the trustees after the compromise has been given judicial approval, while the New Jersey statute requires signature of the trustees before the compromise is ever submitted to the court. This court finds that this distinction is not pivotal because when the time set by the statute arrives for the trustee to affix his signature to the compromise agreement, the Supreme Court of Michigan holds that it can order the trustee to sign because of the fact that he does not enjoy a beneficial interest in the *res.*

This court chooses to follow the principle set forth in the cited cases that a will contest can be compromised without the consent of the executors and trustees. In so deciding, this court is persuaded by the strong public policy, as announced by our courts, in favor of compromise of litigation. *Liguori v. Allstate Ins. Co., Jannarone v. W. T. Co.,* and *Judson v. Peoples Bank and Trust Co., all supra,* particularly when the litigation involves a family dispute. *De Caro v. De Caro, and Michalski v. Michalski, supra.* This court feels that a pretrial compromise that will forestall a trial which will attract widespread publicity, during which trial various allegations and contentions will be made tending

to discredit the name of a family that is highly respected and beloved in the community, is a salutory goal which should be encouraged by the courts.

It must be borne in mind that it is quite possible that as a result of the answers that have been filed, if this matter is tried, the alleged will and codicil may never be accepted for probate. If the alleged will and codicil are denied probate, all the provisions fall with them and the named executors and trustees will never act under this will and codicil. With knowledge of these possibilities, the named charitable beneficiaries and legatees under this will and codicil have agreed to compromise this will contest with the answering defendants. Under these circumstances, for the reasons already indicated in this opinion, this court, in the exercise of its equitable powers, will not allow the will contest to go to trial when the only parties objecting to the compromise are the named executors and trustees.

This court cannot agree with plaintiffs that since *In re Rogers,* 15 *N. J. Super.* 189 *(Cty. Ct.* 1951), holds that the trustee by virtue of his title to the *res* has standing to apply for an order to show cause why the judgment of the surrogate admitting to probate a later will and codicil of the decedent should not be set aside, it must also be held that a compromise cannot be forced upon the trustee. In the first place, the circumstances are factually distinguishable. Moreover, *In re Rogers* merely permitted an appeal by the trustee from the determination of the surrogate. Here, the trustees are able to appeal the decision of this court that the litigation can be compromised without their approval to the Appellate Division, where the issue of whether they are proper parties to take the appeal will be decided along with the merits of the controversy.

Plaintiffs also take the position that since the charitable trust was not drawn for the sole benefit of the named charities, but was subject to the discretion of the trustees, who also had the right to designate what charitable institutions might receive income as well as their power to

dispose of *corpus,* they have no more than an expectancy, and are not proper parties to a settlement. Plaintiffs rely strongly on the case of *In re Rogers, supra,* which held that the possible charitable beneficiary of a discretionary power given to the trustee had no standing to contest the admission into probate of a second will. However, in that case, unlike the present case, the Attorney General was not a party joined as defendant to protect the possible interests of charitable beneficiaries.

"Among the common-law duties of the Attorney General is the enforcement of public charities. He is the protector of the common interest in the trust; and, as such, he is an indispensable party where such interest is substantially involved in the litigation, for, unless the state is represented, the adjudication cannot be conclusive." *Passaic National Bank and Trust Co. v. East Ridgelawn Cemetery,* 137 *N. J. Eq.* 603 (*E. & A.* 1946).

It is the duty of the Attorney General to see that the public interests are protected in the administration of a public charity. *Fidelity Union Trust Co. v. Ackerman,* 18 *N. J. Super.* 314 (*Ch. Div.* 1952). This court cannot, and will not, assume that the Attorney General is not adequately representing the charitable beneficiaries under the alleged will and codicil, even though he was only joined as a party defendant in the present case one week prior to the argument on the present motion. This court must assume that the Attorney General familiarized himself with all the ramifications involved before taking the position that the interests of all the charities would best be served by entering into a compromise rather than run the risk of having the alleged will and codicil denied probate.

In accordance with the findings made by this court a judgment will be entered declaring that the beneficiaries of the alleged will and codicil have the power to enter into a compromise agreement of settlement without the approval of the executors and trustees named in the alleged will and codicil. When the compromise is reached it shall be submitted to the court for approval.