Hoekstra, J.
Petitioner appeals as of right from the probate court’s grant of summary disposition in favor of respondents in this case where petitioner sought to have a handwritten document admitted to probate as a codicil to the deceased’s last will. We reverse and remand.
The deceased, Kilyon Lee Smith, immigrated to the United States from Korea approximately twenty years before her death on May 1, 1999. Smith became a naturalized United States citizen and was fluent in the English language. On April 20, 1999, the day following the execution of her last will, Smith met with her church pastor, Seok Hwan Jun, and his wife, Hyon Sil Jim. At this meeting, Smith executed a document, in the Korean language, which the parties agree is translated as follows: “I want to donate $150,000 to God in order to build a church. 1999/04/20 Lee, Kilyon (deacon).” Petitioner insisted that this handwritten document signed by Smith represents a holographic will and should be probated as a codicil to Smith’s existing last will. To the contrary, respondents con *122 tended that the document merely expresses a present intent to give money,[1] and thus is not a testamentary instrument.
Ultimately, respondents moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that this dispute revolved around whether Smith intended the document at issue to operate as a testamentary instrument and asserting that they were entitled to a judgment because there was no genuine issue of material fact concerning the purported “codicil.” Petitioner, on the other hand, insisted that there were questions of fact to be submitted to a jury. Although petitioner concedes that, on its face, the document at issue fails to reflect an intent on the part of Smith that the document constitutes a testamentary instrument, petitioner argues that extrinsic evidence should be admitted in order to prove Smith’s testamentary intent. Petitioner asserts that such testamentary intent could be proved with regard to Smith’s creation of the document at issue, including information that Smith was well aware of her imminent death at the time that she created the document.
The probate court identified the central issue as whether to admit the document into probate, rather than the construction of the document, and determined that for a document to be considered a will or codicil, testamentary intent must be apparent from the writing itself. The probate court concluded that, on its face, the document at issue was not a testa *123 mentary instrument because it made no reference to death, a prior will, its effective date, or the intent of Smith that it become effective upon her death, nor was it physically attached to a will. The probate court opined that extrinsic evidence is relevant only if the document is admitted into probate. Concluding that the document was not a testamentary instrument, the probate court denied its admission and granted summary disposition in favor of respondents.
On appeal, petitioner argues, in essence, that the probate court erred in granting respondents’ motion for summary disposition on the basis of its conclusion that extrinsic evidence is not permitted to establish the testamentary intent of a document. We review a trial court’s grant of summary disposition de novo. Spiek v Dep’t of Transportation, 456 Mich 331, 337; 572 NW2d 201 (1998).
A motion for summary disposition pursuant to MCR 2.116(C)(10) assesses the factual support for a claim. Id. In evaluating a motion for summary disposition brought under MCR 2.116(C)(10), “a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion” to determine whether a genuine issue regarding any material fact exists. Maiden v Rozwood, 461 Mich 109, 120; 597 NW2d 817 (1999). If the nonmoving party fails to present evidentiary proofs showing a genuine issue of material fact for trial, summary disposition is properly granted. Smith v Globe Life Ins Co, 460 Mich 446, 455, n 2; 597 NW2d 28 (1999).
Resolution of the issue on appeal involves statutory construction, which is a question of law that we also *124 review de novo. Haworth, Inc v Wickes Mfg Co, 210 Mich App 222, 227; 532 NW2d 903 (1995). Concerning statutory construction, our Supreme Court has stated:
The paramount rule of statutory interpretation is that we are to effect the intent of the Legislature. To do so, we begin with the statute’s language. If the statute’s language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we enforce the statute as written. In reviewing the statute’s language, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. [Wickens v Oakwood Healthcare System, 465 Mich 53, 60; 631 NW2d 686 (2001) (citations omitted).]
See also Koontz v Ameritech Services, Inc, 466 Mich 304; 645 NW2d 34 (2002). Unless defined in the statute, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used. Western Michigan Univ Bd of Control v Michigan, 455 Mich 531, 539; 565 NW2d 828 (1997); Yudashkin v Holden, 247 Mich App 642, 650; 637 NW2d 257 (2001).
In the present case, petitioner asserts that the document at issue should be accepted into probate as a codicil to Smith’s existing will. Petitioner concedes that the probate court “is correct in its determination that testamentary intent cannot be gleaned from the language of the document, and if the requisite testamentary intent exists [,] it can only be obtained from extrinsic evidence.” Given that the document was not attached to a will, makes no reference to a prior will, and expresses no intent that it was to become effective only upon death, petitioner asserts that the question before the probate court was whether the purported codicil (will) was executed with the requisite *125 testamentary intent. Petitioner contends on appeal that the probate court erred in refusing to admit extrinsic evidence, which denied petitioner the opportunity to prove the requisite testamentary intent with regard to the document, and thus incorrectly granted summary disposition. We agree.
The recently enacted Estates and Protected Individuals Code (epic), MCL 700.1101 et seq., expressly allows the admission of extrinsic evidence for the determination whether the requisite intent existed for a document to constitute a testamentary instrument. The epic states, in pertinent part:
Intent that a document constitutes a testator’s -will can be established by extrinsic evidence, including, for a holographic will, portions of the document that are not in the testator’s handwriting. [MCL 700.2502(3).]
Further, the epic places the burden of proof on the proponent of a document to show by clear and convincing evidence that the decedent intended the document to constitute a will or codicil. MCL 700.2503.[2] In this case, by failing to allow for the admission of *126 extrinsic evidence, the court deprived petitioner of the opportunity to make such a showing.
We disagree with the probate court’s conclusion and respondents’ argument that the epic, which took effect on April 1, 2000, MCL 700.8101(1), is inapplicable to the instant dispute. Respondents contend that the probate court correctly analyzed the law with respect to the epic. In a footnote, the probate court indicated that if the epic were applicable pursuant to MCL 700.8101(2)(b), the probate court still would be precluded from considering the act because to do so would impair an accrued right that came into existence on the date of Smith’s death. MCL 700.8101(2)(d). According to the probate court, the accrued right would be the right of the heirs under Smith’s last will and testament to inherit the funds in dispute pursuant to that document, rather than the purported codicil. We find this analysis erroneous.
MCL 700.8101(2) states in pertinent part:
Except as provided elsewhere in this act, on this act’s effective date, all of the following apply:
(b) The act applies to a proceeding in court pending on that date or commenced after that date regardless of the time of the decedent’s death except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in the interest of justice or because of the infeasibility of applying this act’s procedure.
(d) This act does not impair an accrued right or an action taken before that date in a proceeding. If a right is acquired, extinguished, or barred upon the expiration of a prescribed period of time that commences to run by the provision of a *127 statute before this act’s effective date, the provision remains in force with respect to that right.
Because the instant proceeding commenced on May 10, 1999, and final judgment was not entered until June 8, 2000, this action was pending in the probate court on the effective date of the statute, April 1, 2000. Thus, subsection 8101(2)(b) renders the EPIC applicable to the instant dispute. However, the question becomes whether subsection 8101(2)(d) acts to preclude the application of the epic because to do so, as the trial court stated, “would impair an accrued right, which came into existence the date Ms. Smith passed away,” that being the right of the heirs under Smith’s “Last Will and Testament” to inherit the funds in dispute pursuant to the terms of that document.
The statute does not define an “accrued right.” However, the Michigan Supreme Court has noted that “[t]he word ‘accrued’ is closely analogous to ‘vested.’ ” In re Finlay Estate, 430 Mich 590, 600, n 10; 424 NW2d 272 (1988). Specifically, the Court stated that “[i]n an Ohio case involving a will, ‘accrued’ was defined as
‘equivalent, in its meaning, to the word “vested,” which necessarily implies that something has been imparted to, or conferred upon a third person, over which he may have the immediate control by possession, or the present right to future possession, of which he can not be deprived of without his assent. It must be a right he can legally assert, independent of any future condition of things, as well as any subsequent change of the existing law.’ ” [Id. (citation omitted).]
Analogously, in Henry L Meyers Moving & Storage v Michigan Life & Health Ins Guaranty Ass’n, 222 Mich App 675, 691; 566 NW2d 632 (1997), this Court *128 described a vested right as “ ‘[a] right, so fixed that it is not dependent on any future act, contingency or decision to make it more secure.’ ‘A vested right is a present or future right to do or possess certain things not dependent upon a contingency.’” Id., quoting Wylie v Grand Rapids City Comm, 293 Mich 571, 586-587; 292 NW 668 (1940).
Although to some extent a devise under a will is vested upon the death of the testator because the testator can no longer change the will, see In re Finlay Estate, supra at 601 (“potential heirs and legatees do not have a right in an estate until the testator dies”); In re Sutherby Estate, 110 Mich App 175, 178; 312 NW2d 200 (1981) (a will is ambulatory; no right accrues in the testator’s estate until the testator’s death); Detroit Bank & Trust Co v Grout, 95 Mich App 253, 278; 289 NW2d 898 (1980) (the execution of a will creates no present property interest; a legatee achieves an interest only upon the testator’s death), we conclude that it is not an “accrued right” under the act because it is not so fixed that it cannot be changed. Rather, it can be changed in conjunction with a showing under the EPIC that there is a more recent will, or a partial or complete revocation, or an addition or alteration of the decedent’s will, or a partial or complete revival of a formerly revoked will or a formerly revoked portion of a will. MCL 700.2503. In other words, in order to avoid rendering other sections of the act nugatory, Wickens, supra, including subsection 8101(2)(b) providing that the act applies in pending proceedings, an “accrued right” must mean something other than a right under a will upon the testator’s death. Rather, in the context of the act, an “accrued right” is a legal right to the exclusion of any *129 other right or claim to it. The rights outlined in a testamentary instrument involved in probate do not so definitely belong to a person that they cannot be impaired or taken away without the person’s consent. See In re Powers Estate, 362 Mich 222, 229; 106 NW2d 833 (1961), quoting In re Dutton’s Estate, 347 Mich 186, 191; 79 NW2d 608 (1956) (“ ‘An instrument submitted as a final testament enjoys no legal, distinguished from evidentiary, worth unless and until it is authenticated by judgment.’ ”). In the instant case, the rights of respondents under Smith’s existing will are contingent upon the pending determination of the relationship of the document at issue to the will under the act.
In sum, the probate court erred in granting summary disposition on the basis that the document at issue failed to reflect testamentary intent, while refusing to consider extrinsic evidence to prove such intent. Thus, summary disposition was improper.
Reversed and remanded. We do not retain jurisdiction.

 In their summary disposition brief, respondents acknowledged, for purposes of the summary disposition motion only, Smith’s desire to buy a building to be used as a woman’s refuge or a church in the Grand Rapids area. Respondents claim that the intended gift lacked delivery because Smith died before she was able to buy the building or make a cash gift.

 MCL 700.2503 provides:
Although a document or writing added upon a document was not executed in compliance with section 2502 [MCL 700.2502], the document or writing is treated as if it had been executed in compliance with that section if the proponent of the document or writing establishes by clear and convincing evidence that the decedent intended the document or writing to constitute any of the following:
(a) The decedent’s will.
(b) A partial or complete revocation of the decedent’s will.
(c) An addition to or an alteration of the decedent’s will.
(d) A partial or complete revival of the decedent’s formerly revoked will or of a formerly revoked portion of the decedent’s will.